## [No. 1216.]
### FLINT, ASSIGNEE, v. POWELL.

1. PRACTICE—APPEAL—FINAL JUDGMENT.
No appeal can be successfully prosecuted except from a final judgment. A final judgment is an adjudication which completely settles, ends and determines the rights of the parties.

2. PRACTICE—ASSIGNMENT PROCEEDINGS—RECEIVER.
An application was made for the appointment of a receiver for a corporation. Pending the application and before the receiver was finally appointed the corporation made a general assignment for the benefit of its creditors. After the receiver was appointed he filed a motion in the assignment proceedings asking the dismissal of the assignment proceedings and an order to compel the assignee to turn over to the receiver the property of the corporation. *Held*, that the title of the assignee to the property could not be determined in such a proceeding and the judgment of the lower court dismissing the assignment proceeding and holding the assignment for naught and ordering the assignee to turn over all property of the corporation in his possession to the receiver was not a final determination of the rights of the parties and was not such final judgment as will support an appeal.

*Appeal from the District Court of Arapahoe County.*

Mr. ROBERT W. BONYNGE, for appellant.

Messrs. ROGERS, CUTHBERT & ELLIS, of counsel.

Mr. A. J. RISING, and Messrs. BICKSLER & McLEAN, for appellee.

BISSELL, J., delivered the opinion of the court.

We have searched the record in vain for material on which this appeal can be rightfully predicated, and for a basis on which to express an opinion respecting the difficult and somewhat novel questions which have been discussed by counsel. From the abstract we can only gather that in the

suit of *The Carpenter Paper Company v. The Arapahoe Paper Company*, a motion was filed for the appointment of a receiver of the assets of the defendant corporation. It was originally heard and granted on the 21, day of August, 1895. On the following day, the order was set aside, and on the 23, another motion was filed to the same end, set for hearing and heard on the 29, of the month, at which time, the court vacated the entry of the 22, and made an order as of the 21, appointing Arthur W. Powell, receiver of the company. Intermediate these proceedings, and on the 26, of August, the defendant company made a general assignment of all of its property to Myron C. Flint. The pleadings and proceedings in the suit mentioned are not in the record, and we are entirely unadvised as to the character of the action, the matters on which it was predicated, or the title of the plaintiff to that or any other relief. Subsequently, the assignee made an application in the district court, from which it appears that at some time, and on some basis which remains undisclosed, the sheriff attempted to levy writs of attachment on some, or all of the property of the Arapahoe Paper Company, and ultimately ejected the assignee from possession and assumed control of its property. Thereupon the motion last referred to was filed and took the form of an application by the assignee to compel the sheriff to turn over to him the property which the officer had wrongfully seized as the assignee charged in his affidavit. The application was denied and so far as the assignee and the sheriff are concerned, the matters remained in *statu quo*. These matters are not stated because they have any relevancy or bearing on the question under discussion or presented by the appeal although they are contained in the record and referred to in the abstract and arguments. We are quite unable to see that they are entitled to any consideration or weight in the settlement of the matters presented to us. They serve however to make the status of the controversy a little clearer. Afterwards the receiver filed a motion in the district court by which he sought to compel

the assignee to turn over to him whatever property that official had been able to obtain. Nothing in the record enables us to ascertain what the assignee had at the time the receiver made the application, what he controlled, or what he was able to turn over. Another peculiar feature about the motion is that it was not a motion made in the suit of *The Carpenter Paper Company v. The Arapahoe Paper Company*, but it was entitled *In re the Assignment of the Arapahoe Paper Company*. We will now state definitely what that motion was, what the court did, and the matters which the counsel endeavor to urge, and have determined. It is useless to set up the motion in *hæc verba*. Its substance will answer our purpose. Powell, as receiver, moved the court to dismiss the assignment proceedings, and for an order requiring Flint, the assignee, to turn over to him as receiver, all the property of the company in his possession because the company could not make a valid assignment, and because of the pending application for a receiver, in which he had been duly appointed. This is all there is of the motion, all the relief it seeks, and is supported only by the affidavit of Powell, which contains a statement that he had been duly appointed in that suit. The action is undescribed, the purpose, scope, and extent of it unstated, and the affidavit only contained a copy of the order which the court had made on the application. The matter came on for hearing, and so far as we can ascertain no evidence was produced by either party, but it was heard and determined apparently on the discussion of the legal proposition respecting the rights of the receiver on the one hand, and the assignee on the other, to the possession of the property. When the motion was submitted, the court made an order which substantially recited the motion of Powell for an order dismissing the assignment proceeding, and directed that Flint should turn over all property of the company in his possession, and that the motion should be granted, and further ordered that " the above assignment proceeding and the said assignment of said Arapahoe Paper Company be dismissed, and the said assign-

ment for naught held." This was the only order made, and is the only thing in the nature of a judgment on which the appeal can be based.

On these proceedings and this record, counsel have presented and argued two propositions. The first is as to the authority of the Arapahoe Paper Company to make an assignment, when proceedings were pending for the appointment of a receiver which resulted in his appointment; and second, as to the rights of the receiver respecting the possession of the property, and collaterally, as to the method pursued to raise this question. Manifestly, the inquiry is one of very much difficulty and of great importance. We are very frank to state that after the case was argued, it was taken under consideration, and the legal propositions involved were carefully examined in the light of all the authorities cited by both counsel. When this investigation was completed, and found to be involved in so much obscurity the record was examined to discover the exact form in which the questions were raised, and the peculiar circumstances under which the various proceedings were had to obtain therefrom such aid as we might in applying the legal principles on which the respective parties relied. This examination disclosed the insufficiency of the record and has led us to adopt our present course. It is an universal rule well settled by the decisions in both of the appellate courts that no appeal can be successfully prosecuted except from a final judgment. A final judgment, as it has been defined by the courts, is an adjudication which shall completely settle, end, and determine the rights of the parties. We cannot discover in this record any such final judgment. The motion in terms only sought the dismissal of the assignment proceedings, and an order to compel the assignee to turn over the property of the Arapahoe Paper Company which had come into his possession and of which he had control at the time the motion was heard. Manifestly, so far as the latter branch of the motion is concerned, whatever order the court should make in the premises would not determine the rights of the receiver

and the assignee respectively so far as they rested on the question of title. The title of neither was involved in that inquiry. It was simply a question of possession, and in the form in which the matter was presented, we are quite unable to see that the question of title was necessarily involved, or could therein, and in the form in which it was suggested, be conclusively adjudicated and determined. We do not intend to hold or intimate that if the receiver had filed a petition in the suit wherein he was appointed, which contained a complete statement of his rights, and thereon a citation had been issued to the assignee, who had appeared and answered the petition, and thereon evidence had been introduced exhibiting the rights and claims of the respective parties, and a formal judgment had been entered settling that controversy, this judgment might not have been a complete determination of the question, both of right and title, as between the receiver and the assignee. This practice was not pursued, and it was simply a motion attempted to be filed in the assignment proceeding to compel the assignee to turn over the property. It is open to very grave question whether the receiver had any right to file a motion in that proceeding, if it can be called a proceeding under the practice and the statute, and seek this relief which the court granted. We are quite unable to see that what are called in the arguments, assignment proceedings, are a suit, action or a proceeding in the legal definition of any of those terms, and that the interlocutory orders which the court may make therein have, except under peculiar circumstances, the form and effect of final judgments.

The court does not acquire its jurisdiction originally by the filing of any papers in the clerk's office, the issuance of any process, or the initiation of any matter analogous to either an action, a suit, or a proceeding. It has its origin in the execution of the deed, or transfer from the assignor to the assignee of all of the assignor's property, and by the execution of the instrument, the title vests according to the statute in the assignee for the benefit of creditors. When

that is done, and the assignee files his bond, he thereupon under the act of 1893, Session Laws, 1893, page 64, becomes an officer of the court, and under the act of 1885, Session Laws, 1885, page 43, as amended by the act of 1893, page 65, he is under the control of the court for certain definite purposes, and to secure certain designated objects. All his acts and proceedings as assignee, with reference to the distribution of the estate, are under the control of the court, to which he must from time to time report his doings, and from which he must obtain orders respecting the distribution of the estate and the payment of dividends, and the creditors are given by the various acts, certain rights with reference to the enforcement and contest of claims, and the court is undoubtedly empowered thereby to enter judgments and make orders respecting the management and care of the estate, its sale and distribution, the litigation of claims, the determination of the rights and priorities of creditors, and finally to enter a judgment discharging the assignee and releasing the sureties on his bond. To this extent assignments are proceedings wherein the court is authorized to enter judgments in the specified and necessary cases, which judgments may frequently become final, and give the parties interested the right to review the acts of the court in the matter of the winding up of the estate of an insolvent. We do not undertake to declare when and in what cases the judgments which the court may enter are to be treated as final, from which an appeal will lie. The matter is not before us, nor involved in the present hearing. We only indicate generally, the circumstances under which the court has the right to proceed, and the parties to be heard, and suggest, rather than express the conditions out of which the right of appeal might arise. We discover nothing however in this statute, or in any other, which gives the right to a third party, whether creditor or receiver, party interested, or party indifferent, the right to come into the district court and file a motion asking that the assignment proceeding be dismissed. So far as we are able to discover there is nothing to dismiss.

There is neither suit nor proceeding in that court, to which that practice can be or ought to be applied. We are therefore unable to see that the receiver had any right whatever to file a motion in the district court in that particular manner, asking for its dismissal. If the receiver had rights against the assignee, he could proceed in the suit wherein he was appointed, by motion perhaps, if that practice was not objected to, or by an independent suit against the assignee, if leave should be granted him for the purpose, and litigate with the assignee, and therefore with the other creditors the question of the respective rights and title of the assignee and himself. The order which the court entered on this motion dismissing the proceeding was nugatory as a settlement of the question of title or right, nor in the form in which it was entered can it even be technically taken as a final adjudication of the matter. It must be conceded the court ordered the proceeding dismissed, and the assignment for naught held, but it neither in form adjudged the assignment invalid, the deed void, or the title of the assignee as to any property which might even under the order be turned over to the receiver, invalid, beyond in any event the amount of the property requisite to liquidate whatever claim the Carpenter Paper Company might have against the Arapahoe company. In other words, the result of the order could not be more than this, and we are unable to determine whether such would be the result in this case. If thereunder the assignee turned over to the receiver property which in value and in ultimate realization exceeded the claim of the Carpenter Paper Company the title of the assignee as to the balance would undoubtedly be good. That is, the assignee could recover either, by an application in this suit if he was made a party on his own motion, or by an independent action against either the receiver or the Carpenter company in whichsoever form it might come on proper leave granted for the purpose, the balance of the property. It is therefore evident that the order which the court attempted to make could not in any event amount to a final adjudication of the

validity of the deed of assignment, or the title of the assignee thereunder. Possibly the ultimate proof might show that what the receiver obtained was insufficient to liquidate the claim which he presented, but that is wholly beside the question. What we are compelled to inquire about, is the finality of the order which the court entered. We concede that the form of the entry does not of necessity determine the character of the judgment to be final or interlocutory as the case may be, but we are compelled to look at the substance rather than the form to decide this inquiry. Whether, however, we look at the form or the substance, in either event, the judgment was not final. In form it does not adjudge the deed void, nor as we are at present advised, and on this record are we able to hold, the court had the power to enter any such judgment. What is contained in the order with reference to holding it for naught is absolutely foreign to the relief which the motion sought, was outside of the power of the court to grant, and must be rejected as any part or parcel of the order on which parties are at liberty to predicate rights.

This discussion has proceeded to a considerable length, but no farther than is absolutely essential to illustrate our position and show the limits of the opinion. It may possibly contain suggestions to counsel respecting the proper method of proceedure, but this we are wholly unable to avoid. In conclusion we may possibly be permitted to suggest, in view of the further continuance of the litigation, and that the rights of the parties may be settled, that the practice which obtained in many decisions to which our attention has been called, suggests what to us seems the one which should be adopted in the further pursuit of this litigation. It is quite generally held the receiver may not be sued without leave of the court, and the statute of 1893, *supra*, enacts that the assignee may not be sued without leave of the court. If application be made to the district court on behalf of either for leave to bring suit against the other to settle this question of right and title, the court would undoubt-

edly grant the permission, and in a suit thus brought and on issues therein to be properly framed, the exact facts on which the rights of the respective parties must ultimately depend could be set up and contested and therefrom we should be able to determine what the rights of the Carpenter company and its receiver are, what the rights of the assignee and the creditors are which were prior in time and therefore prior in right, and be able intelligently to review the action of the trial court in the premises. This is made more by way of suggestion and as an intimation of the practice, which should probably prevail in such cases, than as a deliberate conclusion that by motion the receiver might not under certain circumstances, where the motion was based on a petition and citation and an issue framed, obtain relief analogous to that which the court attempted to grant in this matter, and which as we conceive he was powerless to give to either party.

This being our conclusion in the premises we are unable to reach any other than that the appeal must be dismissed because it is not predicated on a final judgment which may be reviewed by this procedure.

*Appeal dismissed.*