No. 15,935.

J. AND R. A. SAVAGEAU, INC. *v*. LARSEN ET AL.

(185 P. [2d] 1012)

Decided October 6, 1947.

Mr. GEORGE K. THOMAS, for plaintiff in error, Mr. HORACE PHELPS, Mr. HORACE F. PHELPS, Mr. EDWIN J. WHITTELSHOFER, of counsel.

Mr. BYRON G. ROGERS, Mr. FRANK A. BRUNO, Mr. JAMES H. ROGERS, for defendants in error.

MR. JUSTICE ALTER delivered the opinion of the court.

J. AND R. A. SAVAGEAU, INC., a corporation, plaintiff in error, will hereinafter be mentioned as plaintiff, and Harold Larsen, Starlit Larsen and Anchor Larsen, defendants in error, will be designated as defendants.

Plaintiff began an action in forcible entry and detainer in the justice court to secure possession of real estate owned by it, and, upon trial therein, the record discloses, judgment was entered in plaintiff's favor for possession of the property involved. Defendants appealed to the county court, where, upon trial to a jury, a verdict was rendered in favor of defendants. Upon this state of the record we are asked to review the proceedings on writ of error.

■ A search of the record discloses that no judgment is contained therein. Rule 112, R.C.P. Colo., provides, inter alia: "There shall be transmitted to the Supreme Court a properly folioed true copy of the matter designated by the parties, which shall always include, whether or not designated, copies of the following: The material pleadings without unnecessary duplication, the verdict or the findings of fact and conclusions of law together with the. direction for the entry of judgment thereon, the master's report, if any, the opinion, if any, the judgment or part thereof to be reviewed, and the designations or stipulations of the parties as to the matter to be included in the record." This rule requiring the inclusion of the judgment in the record is mandatory, and, without a compliance therewith, there is nothing for this court to review; consequently, an order of dismissal should be entered. *Commercial Credit Company v. Higbee*, 88 Colo. 300, 295 Pac. 792.

■ We find in our court files in this case "An Application for Supersedeas and Request for Determination of Appeal Thereon." In the specification of points we note that we are requested to review the "verdict" and pass upon certain questions "in this *appeal*."

On the matter of appeals we call attention to chapter 117, Session Laws of 1941, section 1 of which provides that, "writs of error to any inferior tribunal shall be the *only* method of review by the supreme court of any action or proceeding." Under present laws there can be no "appeal" to this court.

"A writ of error shall lie from the supreme court to a final judgment." Rule 111 (a) (1), R.C.P. Colo. As hereinbefore stated, there is no record of a final judgment in this case; accordingly, the writ of error should be, and it hereby is, dismissed without prejudice to further appropriate proceedings in the court below.

MR. JUSTICE HAYS does not participate.