Nos. 16,811 and 16,812.

MORRON ET AL. *v*. McDANIEL ET AL.
(254 P. [2d] 862)

Decided March 9, 1953.

Mr. C. R. FROMAN, for the plaintiffs in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

C. L. MORRON and Edith Ruth Morron, plaintiffs in error here and plaintiffs below, brought an action against John J. McDaniel and Frances L. McDaniel, de-

fendants in error here and defendants below, to obtain a judgment on defendants' promissory note in the sum of $2700.00 and the foreclosure of defendants' chattel mortgage and deed of trust on unpatented mining claims executed by defendants to secure the payment of said promissory note. Frank L. Brown as Public Trustee of Summit County, State of Colorado, was joined as a party defendant.

In the complaint it is alleged that plaintiffs are the owners of defendants' promissory note secured by chattel mortgage and deed of trust and that defendants have defaulted in the payment of said promissory note; that by reason thereof plaintiffs are entitled to judgment and order of foreclosure.

In the answer the execution of the promissory note and the ownership thereof, as well as the execution of the deed of trust and chattel mortgage is admitted, but any default in payment is denied.

In another action Edith Ruth Morron, plaintiff in error here and plaintiff below, sought a judgment against Frances L. McDaniel, defendant in error here and defendant below, to obtain a judgment on her promissory note in the sum of $1350.00, and the foreclosure of defendant's chattel mortgage given to secure the payment of the same.

In the complaint the execution of the promissory note and chattel mortgage and default in payment of said note is alleged. Defendant in her answer admits the execution of the promissory note and chattel mortgage to secure the payment of the same, but denies any default in payment.

By order of court these actions were consolidated for trial.

Subsequent to the filing of the answers in the two actions, one Horace W. Brown, who alleged that he was the duly appointed receiver by the United States District Court for the District of Colorado, filed in both actions a petition for leave to intervene and a motion

to abate. He alleged in his petition that he had been duly appointed receiver of the properties of the defendant Frances L. McDaniel and of Big Four Mines, Inc., a Colorado corporation, and sought an order abating all proceedings in the two actions until another action filed subsequent to the two present actions had been heard and determined. Plaintiffs filed their answers to this petition and motion, and, upon hearing of said petition and motion, the court entered its order denying the petition for leave to intervene and granted the motion to abate "until the further order of the Court." Subsequent to the trial court's ruling on the petition and motion, plaintiffs filed their motion for judgment, decree of foreclosure and special execution, and upon hearing of this motion the court called counsel's attention to the fact that action in the two cases was abated "until the further order of Court." In denying plaintiffs' said motion, the court stated: "Let the record now show that the motion of the plaintiffs * * * for Judgment and Decree of Foreclosure and Special Execution is denied." Whereupon plaintiffs' counsel noted objections and exceptions to the court's order denying his motion and requested sixty days to tender a bill of exceptions.

Plaintiffs are here by writ of error to have it adjudged that the order of the trial court abating its proceedings in the two actions until the further order of the court is "a nullity, void, and set the same aside, and that the trial court be directed to enter judgments as prayed for." There is no appearance here on behalf of defendants in error.

The specifications of points upon which plaintiffs rely are: "1. The Trial Court erred in allowing a Party denied the right to be a Party to the Action, to be granted affirmative relief. 2. The Trial Court erred in allowing one not a Party to the Actions to be heard in the actions. 3. The Trial Court erred in granting a Motion to Abate indefinitely or until further orders of Court actions brought in foreclosures of mortgages. 4. The Trial Court

erred in denying Judgment to Plaintiffs wherein parties had stipulated in writing that a judgment might be taken if default were made in certain payments and default having been made."

We have examined the records in both cases and find no judgment in the record. No judgment was announced by the court; its only action being the announcement of its ruling on plaintiffs' motion. Counsel's specifications of points, and the one upon which chief reliance is had, is that the court erred in denying judgment. Rule 111, R.C.P. Colo. '35, as amended, provides: "A writ of error shall lie from the supreme court to: (1) A final judgment of any district, county or juvenile court in all actions or special proceedings whether governed by these rules or by the statutes; * * *"

■ ■ We have repeatedly and consistently held that: "If the order entered in a cause does not put an end to the action, but leaves something further to be done before the rights of the parties are determined, it is interlocutory and not final. To be final it must end the particular suit in which it is entered." *Dusing v. Nelson,* 7 Colo. 184, 2 Pac 922. To the same effect: *Flint v. Powell,* 10 Colo. App. 66, 50 Pac. 45; *County Court v. Eagle Rock Gold Mining and Reduction Co.,* 50 Colo. 365, 115 Pac. 706; *Goodknight, Admr. v. Harper,* 70 Colo. 41, 197 Pac. 237; *Commercial Credit Co. v. Higbee,* 88 Colo. 300, 295 Pac. 792; *Boxwell v. Bank,* 89 Colo. 574, 5 P. (2d) 868; *Burks v. Maudlin,* 109 Colo. 281, 124 P. (2d) 601; *Slifka v. Viettie,* 110 Colo. 138, 131 P. (2d) 417; *Savageau v. Larsen,* 117 Colo. 229, 185 P. (2d) 1012; *Hyman & Company v. Velsicol Corp.,* 119 Colo. 121, 201 P. (2d) 380.

■ There being no final judgment in the record, this in itself is sufficient to require the dismissal of the writs of error; therefore, other specifications need not be considered. The writs of error are dismissed without prejudice to further appropriate proceedings in the trial court.

MR. JUSTICE HOLLAND dissents.