No. 17,687.

MAYME SCHOENWALD *v.* LOUIS SCHOEN, ET AL.
(286 P. [2d] 341)

Decided July 18, 1955.

Mr. H. BERMAN, for plaintiff in error.

Messrs. McComb, Zarlingo & Mott, for defendant in error Leonard Anderson.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

One Louis Schoen filed his complaint in the district court of the City and County of Denver seeking to obtain a judgment for damages for personal injuries allegedly sustained by him in a fall through a concealed opening in the floor of a closet located on premises leased by him from defendant Mayme Schoenwald. Defendant Schoenwald moved to make Anderson, Wasinger and Nelson third-party defendants, and leave was granted her to serve upon said parties summons and complaint in third-party proceedings.

The original defendant, Mayme Schoenwald, alleged in said third-party complaint, that Anderson, Wasinger and Nelson were responsible for the dangerous condition of the real estate leased by Louis Schoen, which caused the injuries to him, and that, as between the original defendant and the third-party defendants, "defendant is entitled to indemnity and recovery over from the third-party defendants and each of them in such sum as is adjudicated in favor of plaintiff against defendant * * *." Thereafter each of the third-party defendants filed a motion to dismiss the third-party complaint, and upon consideration of said motions the trial court entered an order dismissing the third-party complaint as to each of the defendants named therein, "without prejudice to the right of the third-party plaintiff to bring a new action in this behalf * * *." Mayme Schoenwald caused writ of error to be issued directed to this order of dismissal, and third-party defendant Anderson moved for dismissal of the writ on the grounds that no final judgment has been entered in the trial court which can be reviewed by writ of error.

### Question to be Determined.

*Where a trial court enters an order dismissing a third-party complaint without prejudice to the bringing of a*

144

*separate action for the determination of issues tendered by said complaint, has any "final judgment" been entered to which writ of error may be directed?*

The question is answered in the negative. In *Burks v. Maudlin,* 109 Colo. 281, 124 P. (2d) 601, the court held that an order of the district court denying a motion to make one Skiles a third-party defendant was not a final judgment subject to review under Rule 111, R.C.P. Colo. It was also stated, in that opinion, "Where it appears on review that there is no final judgment, as is here disclosed, the writ of error will be dismissed."

It affirmatively appears from the record before us that no final judgment was entered by the trial court; accordingly, the writ of error is dismissed.