No. 17,699.

Ross E. Nutter *v.* W. Ed Wright, Jr.
(287 P. [2d] 655)

Decided September 12, 1955.

Mr. Waldo Riffenburgh, for plaintiff in error.

Mr. Alden T. Hill, Mr. Ralph W. Coyte, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

Plaintiff in error was plaintiff in the trial court and defendant in error was defendant in that tribunal. To plaintiff's complaint defendant filed a motion to dismiss, which motion was granted, and plaintiff brings the cause here for review by writ of error.

We again direct attention to the provisions of Rules 111 and 112 R.C.P. Colo. In the record brought to this court there is no final judgment. We find no designation of record and the certificate of the clerk of the district court makes no mention of the judgment in the cause. We have repeatedly held that unless there is a final judgment in the record the writ of error must be dismissed.

*Slifka v. Viettie,* 110 Colo. 138, 131 P. (2d) 417; *Savageau, Inc. v. Larsen,* 117 Colo. 229, 185 P. (2d) 1012; *Howard v. American Law Book Co.,* 121 Colo. 5, 212 P. (2d) 1006; *Morron v. McDaniel,* 127 Colo. 180, 254 P. (2d) 862; *Cable v. Smith, et al.,* 130 Colo. 337, 275 P. (2d) 945; *Horlbeck v. Walther,* 131 Colo. 36, 279 P. (2d) 434; *French et al v. Haarhues, et al.,* 132 Colo. 261, 287 P. (2d) 278.

In *French et al. v. Haarhues, supra,* Chief Justice Alter aptly stated in language that is plain and explicit: "The entry of a judgment upon the court's order is a ministerial duty on the part of the clerk, but if a defeated litigant desires a review by writ of error in this court, *it is his duty* to see that the record presented here is properly prepared and completed and contains a final judgment; otherwise dismissal will follow." (Emphasis supplied).

The cases above cited lay down a rule which must be followed by a defeated litigant if he expects us to review his case. The rule requiring the inclusion of the judgment is mandatory, and in the absence thereof we have no alternative but to dismiss the writ of error. Counsel who bring cases to this court must realize the duty resting upon them to present a complete record

which in every instance must include a final judgment. The writ of error is dismissed.