No. 19,418.

ALICE LOVELAND, GARNISHEE *v.* THE AMERICAN FOUNDERS LIFE INSURANCE COMPANY OF DENVER.

(361 P. [2d] 967)

Decided May 15, 1961.

Mr. CLARENCE W. BUTTON, for plaintiff in error.

Messrs. YEGGE, HALL AND SHULENBURG, Mr. RICHARD D. HALL, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

In an action tried in the district court of the City and County of Denver the American Founders Life Insurance Company recovered judgment against The Colorado Management Corporation. Execution issued on said judgment and in aid thereof a writ of garnishment was served upon Alice Loveland. Interrogatory No. 2 contained in said writ was as follows:

"Have you in your possession, in your charge, or under your control, any property, effects, goods, chattels, rights, credits, or choses in action of said defendant......, or either of them, or in which......he.....interested? If so, state what is the value of the same, and state fully all particulars."

Loveland's answer to this question was as follows:

"Yes. I have in my possession as attorney for Colorado Management Corporation eleven stock certificates issued in the name of Colorado Management Corporation for a total of 32,836 shares of stock of American Founders Life Insurance Company all of which are subject to issuance on exercised option subscription agreements between Colorado Management Corporation and others. Also subject to a further assignment for $30,000 as security for payment.

"Unexercised option subscription agreements which have been assigned by Colorado Management Corporation as security for the payment of $30,000.00. All delinquent. I can give no estimate of value."

No traverse of this return was made by American Founders which filed a motion for judgment against Loveland upon the return. A number of hearings were held after which the trial court entered written "Orders Under Garnishments" which we set forth in full as follows:

"THIS MATTER coming on to be heard on the motion of the plaintiff in the above captioned matter on December 11, 1959 and being continued to December 15, 1959 for additional hearing thereon, the Court being fully advised in the premises,

"THE COURT FINDS that under judgment entered May 12, 1959 in the above matter, execution was issued and garnishment summons served upon Alice Loveland, who on October 7, 1959 filed her answer as garnishee, setting forth that she had in her possession eleven stock certificates in the name of the defendant Colorado Management Corporation representing 32,836 shares of the Common Stock of the plaintiff, American Founders Life Insurance Company of Denver, Colorado, and setting forth that all of said shares were subject to the claims of holders of Option Subscription Agreements between Colorado Management Corporation and such persons and also subject to other claims.

"THE COURT FURTHER FINDS that on December 11, 1959 at the initial hearing on this matter the said garnishee, Alice Loveland, was present in Court and deposited with the Clerk of the Court three of said eleven stock certificates in the name of Colorado Management Corporation, and on December 14, 1959 deposited with the Clerk of the Court the remaining eight stock certificates referred to in her garnishee answer, pursuant to request of the Court, along with subscription Agreements and Subscription Agreement account cards for over four hundred subscription accounts with Colorado Management Corporation, and other documents.

"THE COURT FURTHER FINDS that by reason of the large number of Subscription Agreement holders and the complexities of the matters arising in connection with the disposition of said eleven stock certificates and the shares represented thereby, that it is proper and necessary to appoint a receiver to disburse *of* said eleven stock certificates and the shares represented thereby to the parties or persons legally entitled thereto.

"IT IS THEREFORE ORDERED that Alice Loveland, as garnishee under the garnishee summons issued herein, having delivered the said eleven stock certificates to the Clerk of this Court, is hereby released and fully dis-

charged from any further responsibility or liability as garnishee under said garnishee summons.

"IT IS FURTHER ORDERED that Wilbur F. Alter is hereby appointed, pursuant to Rule 66 of the Colorado Rules of Civil Procedure, as a Receiver to receive and disburse the said eleven stock certificates and the 32,836 shares of stock of the plaintiff corporation represented thereby, pursuant to order and direction of this Court; and that said Receiver proceed to file with the Court an undertaking in the form provided by said Rule 66 in the sum of $25,000.00 and take the oath provided by said Rule 66.

"IT IS FURTHER ORDERED that upon said Receiver being duly qualified, the Clerk of this Court shall deliver to said Receiver the said eleven stock certificates and all other exhibits and documents filed with the Court in connection with this hearing, and that said Receiver thereafter, upon notice to counsel for the plaintiff and defendant Colorado Management Corporation apply to the Court for specific instructions and directions as to the notice to be given all possible claimants and the procedure to be followed by said Receiver in disposing of said property.

"IT IS FURTHER ORDERED that the fees and expenses of said Receiver, when approved by this Court, shall be paid first out of any sums collected by said Receiver, over and above any preferred claimant, and the balance by the plaintiff American Founders Life Insurance Company of Denver, Colorado, and the same to be assessed as cost against the defendant.

"ENTERED IN OPEN COURT this 12th day of December, 1959.

"BY THE COURT:
/s/ William A. Black
Judge"

This writ of error is directed to the above quoted "Orders Under Garnishment."

During the hearings held by the trial court counsel

for Loveland offered as evidence a promissory note dated March 27, 1959, signed by Colorado Management Corporation payable to Clarence W. Button and Alice Loveland for the sum of $30,000.00, endorsed on the reverse side thereof by Button to Loveland. Also offered in evidence was an assignment of option subscription agreements. These exhibits were rejected.

Counsel thereupon offered to prove:

" * * * that the $30,000.00, which secures the note of Miss Loveland's, is made up as follows: $15,000.00 of that money does belong to her. That is, the obligation under the note and accounts receivable and the options were assigned to secure the same, and $15,000.00 of which was assigned by me to her for collection."

The trial court then stated:

"Well, that offer will be denied on the ground that under Rule 103 (o), she has to claim a set-off in her Answer, which she hasn't done. However, I am going to deliver back to Miss Loveland Garnishee's Exhibit No. 1 and Garnishee's Exhibit No. 2, so that she may have her hearing in court on the full matter. Upon the issuance of a summons, under Rule 12 and Rule 24, she still has a right to come into court and the Court will hear her on it. As far as this Answer is concerned, under the Rule, it doesn't claim a set-off as the Rule requires. Let the record show that the Court has turned over to Mr. Button Miss Loveland's Exhibit Nos. 1 and 2."

The only argument advanced by counsel for Loveland in this court is that the trial court erred "in failing to require American Founders to pay or tender to the garnishee the sum due to her, i.e. $30,000.00 for payment of which the stock, accounts and option agreements were pledged and assigned, before ordering the garnishee to deliver the same into the registry of the court." This argument is based upon Rule 103 (t), R.C.P. Colo., which reads as follows:

"When any personal property, choses in action, or effects of the defendant in the hands of a garnishee are

mortgaged or pledged, or in any way liable for the payment of a debt to him, the plaintiff may, under an order of the court for that purpose, pay or tender the amount due to the garnishee, and thereupon the garnishee shall deliver the personal property, choses in action, and effects to the sheriff, as in other cases."

The trial court correctly held that the answer of Loveland to the garnishment writ made no claim that she was entitled to relief under the above quoted rule. The trial court definitely preserved all rights which Loveland may have to be adjudged a secured creditor. She is in no manner prejudiced by the court's ruling and her return to the writ of garnishment failed to tender any issue requiring a traverse by American Founders.

There is no final judgment shown by this record to which writ of error may be directed. *Morron, et al. v. McDaniel, et al.,* 127 Colo. 180, 254 P. (2d) 862.

The writ of error therefore is dismissed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE McWILLIAMS concur.