Mr. Justice Pringle
delivered the opinion of the Court.
Plaintiff in error, Elisa Abbott, brought an action in the Juvenile Court of the City and County of Denver to compel the defendant in error, Robert Paul Poynter, to support a child born to her. She seeks review of an order dismissing her petition at the close of the evidence presented by her. Defendant in error urges that the writ of error be dismissed on the ground that the record on error does not contain a judgment as required by the Rules of Civil Procedure.
Rule 112(a), R.C.P. Colo., provides that the record on error must include the judgment to be reviewed. We have searched the record and find no judgment contained therein. The only suggestion to that end appears in the record in the following announcement by the court:
“The motion for dismissal is accordingly granted. A motion for new trial will be dispensed with and the statutory time granted for appeal.”
A ruling by the trial court at the close of plaintiff’s evidence granting a motion to dismiss and dispensing with the motion for new trial does not rise to the dignity of a judgment, and its inclusion in the record is not a substitute for the requirement of Rule 112(a) that the record must include the judgment to be reviewed.
We have stated many times that it is the duty of one who seeks review in this Court to see to it that an actual judgment has been pronounced by the trial court and entered by the Clerk and that such judgment appear in the record on error. The provisions of Rule 112(a) and the decisions of this Court require the dismissal of this writ of error. J. & R. A. Savageau, Inc., *149 v. Larsen, 117 Colo. 229, 185 P. (2d) 1012; Cable v. Smith, 130 Colo. 337, 275 P. (2d) 945; Marzec v. Fremont County School Dist. No. 2, 136 Colo. 250, 315 P. (2d) 987.
The writ of error is dismissed.
Mr. Justice Moore and Mr. Justice McWilliams dissent.