No. 21645.

DISTRICT 50 METROPOLITAN RECREATION DISTRICT, ET AL.
*v.* L. D. BURNSIDE, COUNTY ASSESSOR,
ADAMS COUNTY, ET AL.
(401 P.2d 833)

Decided May 10, 1965.

PEHR and NEWMAN, for plaintiffs in error.

DAVID BERGER, GEORGE FISCHER, for defendant in error L. D. Burnside, County Assessor of Adams County.

T. A. WHITE, KENNETH D. BARROWS, for defendant in error Denver and Rio Grande Western Railroad, Northwest Terminal Railroad.

MASON, REULER & PEEK, for defendant in error Brannan Sand and Gravel.

AKOLT, SHEPHERD & DICK, LUIS D. ROVIRA, for defendant in error Mountain States Telephone and Telegraph Company.

FAIRFIELD and WOODS, CHARLES E. MATHESON, for defendants in error Sundstrand Machine Tool Company and Hugh M. Woods Company.

LEE, BRYANS, KELLY & STANSFIELD, DONALD D. CAWELTI, for defendant in error Public Service Company.

HODGES, SILVERSTEIN & HARRINGTON, for defendant in error Broderick Wood Products.

YEGGE, HALL, TREECE & EVANS, RAYMOND J. CONNELL, for defendant in error Cooley Brothers Sand and Gravel Company.

W. L. PECK and J. S. STREET, for defendants in error

Colorado and Southern Railroad and Chicago, Burlington and Quincy Railroad.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

DISTRICT 50 Metropolitan Recreation District, a quasi-municipal corporation, and certain named individuals by amended complaint brought a declaratory judgment action wherein they sought a declaration and order of court that 1960 Perm. Supp., C.R.S., Section 89-12-8 is unconstitutional for the reason that the statute purports to exempt certain property lying within the recreation district from taxation for the support of the district without the written consent of the owners thereof, and that such purported exemption is in direct conflict with Article X, Section 3 of the Colorado Constitution which requires that "all taxes shall be uniform upon each of the various classes of real and personal property located within the territorial limits of the authority levying the tax . . ." Named as parties defendant were the County Assessor and some eighteen different business entities, each of which owned land situated within the recreation district and which was not being taxed for the support of the recreation district because of the exclusion proviso provided by 1960 Perm. Supp., C.R.S., Section 89-12-8.

To the amended complaint the several defendants, and each of them, filed a motion to dismiss under Rule 12(b), R.C.P. Colo. The trial court granted these several motions to dismiss. Thereupon the plaintiffs in the trial court proceeded to sue out a writ of error in this Court, the writ of error being directed to the order of the trial court granting the defendants' motions to dismiss.

The defendants in error have now filed a motion to dismiss the aforementioned writ of error on the ground

that such was not obtained within the time limitation provided by Rule 111(b), R.C.P. Colo. The main issue posed by the motion to dismiss the writ of error is whether the time period within which the writ of error must issue begins to run when the trial court granted the motion to dismiss the amended complaint or, on the contrary, began to run when the trial court some two months later denied the plaintiffs' motion for a new trial. In other words, the writ of error from this Court *did* issue within three months subsequent to the order denying plaintiffs' motion for new trial, but *did not* issue within three months subsequent to the order granting the motion to dismiss the amended complaint.

Defendants in error argue that the "judgment" sought to be reviewed is the order granting the motion to dismiss and that Rule 59(h), R.C.P. Colo., as amended on March 31, 1964, and effective June 1, 1964, provides that a party claiming error "when final judgment is entered pursuant to motion filed under the grounds stated in R.C.P. 12(b)(1) to (6) inclusive" may have a review thereof "without the necessity of filing a motion for new trial." Hence, it is said, in the situation where a trial court grants a motion to dismiss filed pursuant to Rule 12(b), a motion for new trial is improper and not permitted by Rule 59(h), as thus amended.

■ In our considered view the present writ of error is subject to a motion to dismiss, although we base our action on something different from that urged by the defendants in error. Our examination of the record before us fails to disclose any final judgment to which writ of error would lie, and it is for this reason that the writ of error must be dismissed.

■ The record affirmatively discloses that the trial court did in fact grant the defendants' motions to dismiss, but the record fails to disclose that any final judgment was thereafter duly entered. The granting of a motion to dismiss a complaint is not in and of itself a

final and reviewable order or judgment to which a writ of error will lie.

Rule 59 (h) strongly suggests that there is this distinction when it states that "[w]hen final judgment is entered pursuant to motion filed under the grounds stated in R.C.P. 12 (b) (1) to (6), inclusive . . ."

*Nutter v. Wright,* 132 Colo. 304, 287 P.2d 655, and *Marzec v. Fremont County School District No. 2,* 136 Colo. 250, 315 P.2d 987, involve factual situations virtually on all fours with that posed by the instant case. In each of those cases, as in the instant one, the trial court entered an order granting the defendant's motion to dismiss the complaint, but did not thereafter enter or cause to be entered any final judgment in the matter. In both the *Nutter* and *Marzec* cases, this Court on its own motion dismissed the writ of error for the reason that there simply was "no judgment before us to review, affirm, reverse or modify." See also in this regard, *Abbott v. Poynter,* 153 Colo. 147, 385 P.2d 120; *Cable v. Smith,* 130 Colo. 337, 275 P.2d 945; and *Savageau v. Larsen,* 117 Colo. 229, 185 P.2d 1012.

The writ of error is therefore dismissed.