David A. NORBY, Plaintiff–Appellant,

v.

Alan N. CHARNES, as Executive Director of the Department of Revenue of the State of Colorado, and Department of Revenue of the State of Colorado, Motor Vehicle Division, Defendants–Appellees.

No. 87CA0566.

Colorado Court of Appeals, Div. II.

Oct. 20, 1988.

Gregory Dallas, P.C., Vincent C. Todd, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David M. Kaye, Asst. Atty. Gen., Denver, for defendants-appellees.

REED, Judge.

Plaintiff, David A. Norby, appeals from the district court order dismissing his 42 U.S.C. § 1983 claim as improperly joined with his claim for judicial review of the Department of Revenue's order revoking his driver's license. We dismiss the appeal for lack of a final, appealable judgment.

After an administrative hearing, the Department of Revenue ordered the revocation of plaintiff's driver's license for a period of one year. Plaintiff challenged this order by filing a complaint in the district court wherein he sought judicial review pursuant to § 42–2–122.1(9), C.R.S. (1984 Repl.Vol. 17), injunctive relief pursuant to 42 U.S.C. § 1983, attorney fees under 42 U.S.C. § 1988, and a stay of execution on the order of revocation.

Thereafter, the district court, pursuant to the motion of the Department, dismissed plaintiff's claims under 42 U.S.C. § 1983 and § 1988 upon the sole basis that such claims were not properly joined with a claim for judicial review brought under § 42–2–122.1, C.R.S. (1984 Repl.Vol. 17). The court's ruling did not purport in any manner to adjudicate the merits of the dismissed claims. Plaintiff, however, instead of instituting a separate suit to assert his claims under the United States Code waited until the court, by subsequent order, reinstated his driving privileges and then instituted the within review.

The dismissal of a complaint without prejudice is generally not a final and appealable order, unless the circumstances of the case indicate that the action could not be saved and that further proceedings were precluded as a result of the order of court. *Schoenwald v. Schoen,* 132 Colo. 142, 286 P.2d 341 (1955); *Wilbourn v. Hagan,* 716 P.2d 485 (Colo.App.1986); *cf. B.C. Investment Co. v. Throm,* 650 P.2d 1333 (Colo.App.1982).

Here, there was nothing barring plaintiff from simply refiling by a separate proceeding his 42 U.S.C. § 1983 claim following the district court's order of dismissal. Accordingly, the order dismissing the 42 U.S.C. § 1983 claim as being improperly joined was not a final judgment for purposes of appeal and this appeal must therefore be dismissed. *See* C.A.R. 1(a)(1).

The appeal is dismissed without prejudice for lack of a final judgment.

SMITH and BABCOCK, JJ., concur.