**Heather JENSEN and Paul Martin, Plaintiffs,**

**v.**

**Laurel MATTHEWS–PRICE, M.D., Defendant–Appellee,**

**and Concerning Peter A. Martin, Appellant.**

**No. 91CA2095.**

Colorado Court of Appeals, Div. II.

Dec. 31, 1992.

Peter A. Martin, Redstone, for plaintiffs and appellant.

Cooper & Kelley, P.C., Paul E. Scott, John R. Mann, Denver, for defendant-appellee.

Opinion by Judge PIERCE.

Peter A. Martin, attorney for plaintiffs, Heather Jensen and Paul Martin, appeals from the order of the trial court awarding attorney fees to defendant, Laurel Matthews–Price, M.D., as a sanction under C.R.C.P. 11. We reverse.

Plaintiffs commenced this action in March 1990, claiming that Heather Jensen had suffered a stroke as a result of a physical manipulation applied by defendant. The complaint sought damages on behalf of Jensen for professional negligence and battery, and on behalf of Paul Martin for loss of consortium.

In April 1990, plaintiffs deposed defendant's former receptionist, who had been

on duty on the day Heather Jensen suffered her injury. During this deposition, the receptionist testified that defendant routinely used cocaine.

Approximately one month later, in May 1990, defendant requested that the trial court issue a protective order restricting plaintiffs from disclosing this testimony to the public. Plaintiffs filed a response *in camera* which contained a number of statements concerning defendant's purported use of illegal drugs.

Defendant then filed a reply in support of her motion, together with a motion requesting the court to strike from plaintiffs' response certain matters which defendant considered "scurrilous and defamatory." Defendant's motion also requested that the court impose sanctions under C.R.C.P. 11 because the response submitted by plaintiffs allegedly contained a number of misrepresentations regarding the contents of the receptionist's deposition.

The trial court immediately granted defendant's request for a protective order, and it subsequently granted defendant's motion to strike plaintiff's response brief. In conjunction with the latter ruling, the court concluded that the argument presented in plaintiffs' brief opposing the motion for a protective order "went beyond the bounds of proper response." Accordingly, the trial court ordered plaintiffs' counsel to pay the reasonable attorney fees incurred by defendant as a result of the response brief.

Plaintiffs subsequently moved to dismiss their complaint without prejudice to allow them to refile the action in federal district court. The court granted the motion, noting that plaintiffs had stipulated they would be bound by existing court orders in any subsequent proceeding.

## I.

■ As an initial matter, we reject defendant's assertion that plaintiffs' attorney is barred from contesting the sanctions order because plaintiffs had consented to the dismissal of the complaint.

It is true, as defendant asserts, that generally a plaintiff may not appeal from an order granting a request for a voluntary dismissal. The rationale for this limitation is based on the fact that such a dismissal cannot be characterized as an involuntary adverse judgment against the plaintiff. *See Deason v. Lewis*, 706 P.2d 1283 (Colo. App.1985).

However, this rule finds no application in the instant case. As noted above, plaintiffs stipulated that they would be bound by the existing court orders if their request for a voluntary dismissal was granted. This stipulation, however, also expressly reserved the right to appeal the sanctions award. As a result, plaintiff's attorney cannot be said to have waived his right to contest the sanctions imposed against him. *See G. Heilman Brewing Co., Inc. v. Joseph Oat Corp.*, 848 F.2d 1415 (7th Cir. 1988); *Dorse v. Armstrong World Industries, Inc.*, 798 F.2d 1372 (11th Cir.1986); *Cohen v. Virginia Electric & Power Co.*, 788 F.2d 247 (4th Cir.1986).

## II.

■ Plaintiffs' attorney contends that C.R.C.P. 11 cannot serve as the basis for imposing sanctions in this case because the rule applies only to pleadings and not to motions and briefs. We disagree.

C.R.C.P. 11 requires that "every pleading" must be signed, either by a party or, when the party is represented, by an attorney. Under the rule, the signature serves as a certification that the pleading is based on a reasonable inquiry, that it is "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose". *See Henry v. Kemp*, 829 P.2d 505 (Colo.App.1992). C.R.C.P. 11 goes on to require the imposition of "an appropriate sanction" whenever the court determines that a pleading has been signed in violation of the rule.

■ Although the language of C.R.C.P. 11 indicates that application of the rule is limited to pleadings, C.R.C.P. 7(b)(2) provides that the rules relating to "signing

and other matters of form of pleading apply to all motions and other papers provided for by these rules." Accordingly, an attorney or litigant who signs a motion or other paper has the same obligation as the signer of a pleading to ensure that the document is factually and legally justified. *See* 5 C. Wright & A. Miller, *Federal Practice & Procedure* §§ 1191 & 1332 (1969).

### III.

 Plaintiffs' attorney also contends that the trial court's imposition of sanctions was improper because the allegations set forth in the response brief were based on statements made during the receptionist's deposition. We agree.

As noted above, defendant claimed that sanctions under C.R.C.P. 11 were warranted because plaintiffs' response contained a number of statements which purportedly misrepresented the deposition testimony of defendant's receptionist. Our review of the record reveals that each of the statements objected to by defendant were adequately supported by the deposition testimony.

In her motion for sanctions, defendant claimed there was no factual basis for the assertion that she was addicted to cocaine and that she was "probably under the influence of cocaine at the time of the neck manipulation." The receptionist did, however, testify in her deposition that defendant was using cocaine on a daily basis and that she had a white substance on her nose immediately before she began treating Heather Jensen.

Defendant also contested plaintiffs' assertion that she had used cocaine in a hospital and while en route to another hospital to perform surgery. Contrary to the position taken by defendant, these statements accurately reflected the testimony provided in a supplement to the deposition transcript.

Defendant also viewed as unwarranted the assertion that the use of cocaine by defendant would make her feel "invincible, omniscient, and euphoric." In making such an evaluation, defendant argued, plaintiffs' attorney was improperly casting himself in the role of a "medical expert." In our view, plaintiffs' characterization of the effects of cocaine use can not be deemed entirely unfounded or improper.

As the record demonstrates that there was an adequate factual basis for each of the statements objected to by defendant, we conclude that the trial court abused its discretion in imposing sanctions under C.R.C.P. 11.

In light of the foregoing, we reject defendant's request for an award of attorney fees incurred in this appeal.

The order awarding attorney fees to defendant is reversed.

REED and RULAND, JJ., concur.