**FSDW, LLC, a Colorado limited liability company, Plaintiff–Appellee,**

v.

**FIRST NATIONAL BANK, Conservator for Daniel Dennis Dumont, a protected person; G.W. Hurst, Trustee of the G.W. Hurst Trust; Valerie A. Stewart; Gerald W. Hurst, Jr.; Charlotte M. Prough; Stephanie A. Smith; Delphin J. Dumont; and Joyce E. Thompson, Defendants–Appellants.**

No. 03CA0348.

Colorado Court of Appeals, Div. V.

June 17, 2004.

Howard and Francis, L.L.P., Steven G. Francis, Fort Collins, Colorado, for Plaintiff–Appellee.

Frey Korb Haggerty & Michaels, P.C., Mark L. Korb, Charles C. Tucker, Fort Collins, Colorado, for Defendant–Appellant First National Bank as conservator for Daniel Dennis Dumont, a protected person.

Harold F. Hurst, Kiowa, Colorado, for Defendants–Appellants Conservator for Daniel Dennis Dumont, a protected person; G.W. Hurst, Trustee of the G.W. Hurst Trust; Valerie A. Stewart; Gerald W. Hurst, Jr.; Charlotte M. Prough; Stephanie A. Smith; Delphin J. Dumont; and Joyce E. Thompson.

Opinion by Judge RUSSEL.

In this action for the partition of real property, defendants appeal the trial court's judgment entered on an order granting plaintiff's motion for voluntary dismissal. We reverse and remand for further proceedings.

In February 2002, plaintiff, FSDW, LLC, filed a partition action, alleging that it was the owner of an undivided 2/7 interest in real property in Larimer County. It sought the appointment of a disinterested commissioner who would sell the property at a public sale pursuant to § 38–28–107, C.R.S.2003. Plaintiff named several parties as defendants, most of whom (the trust defendants) were represented by the same attorney. First National Bank, as conservator for Daniel Dumont, also named as a defendant, was separately represented.

The trust defendants answered, alleging as a "matter of avoidance" that plaintiff had wrongfully clouded their title and should pay a statutory penalty or damages. The bank also answered and filed a cross-claim against one of the trust defendants, seeking reformation of the deed that had conveyed the property to plaintiff's grantor.

In December 2002, plaintiff moved to dismiss the action. The trust defendants consented to dismissal on the condition that plaintiff sign a quitclaim deed and pay their attorney fees and costs. The bank similarly responded that the case "cannot be dismissed" unless plaintiff signed a quitclaim deed and paid its attorney fees and costs.

The trial court dismissed the case, ordering each party to bear its own fees and costs. The court's order was silent as to whether the dismissal was with or without prejudice.

Defendants then appealed, asserting that the trial court erred in dismissing the case without imposing terms and conditions. The trust defendants also asserted that the court should not have dismissed their "matter of avoidance," and the bank similarly asserted that the court should not have dismissed its cross-claim.

Plaintiff moved to dismiss the appeal, arguing that an order of dismissal is not appealable when it is without prejudice. A motions division of this court agreed, citing C.R.C.P. 41(a)(2) for the proposition that voluntary dismissal is presumed to be without prejudice. Defendants then filed a motion for reconsideration. The motions division reversed its position, ordering that the appeal proceed. The division cited the rule regarding involuntary dismissal, C.R.C.P. 41(b)(1).

### I. Appealability

▪ Plaintiff again argues that this court lacks jurisdiction. We disagree.

▪ We first explain why we are considering plaintiff's argument. As noted, the motions division has already ruled that the order is appealable. We generally will decline to revisit rulings of the motions division, especially when they reflect some discretionary consideration. But when presented with serious questions regarding our own jurisdiction, we may reconsider the ruling. In this regard, our approach parallels that of other appellate courts. *See Rezzonico v. H & R*

*Block, Inc.*, 182 F.3d 144, 149 (2d Cir.1999)("reexamination of a question regarding our jurisdiction is especially important whenever there is reason to believe that it may be lacking"); *Stifel, Nicolaus & Co. v. Woolsey & Co.*, 81 F.3d 1540, 1543–44 (10th Cir.1996)(law of the case does not bar reconsideration of motions panel's decision; such decisions are made without the benefit of full briefing, which may result in a less than thorough exploration of the issues).

■ We next consider whether the trial court's order was with prejudice, as the motions division found, or without prejudice, as plaintiff contends. We agree with plaintiff. It is undisputed that the trial court ordered dismissal pursuant to C.R.C.P. 41(a)(2). This rule states, in pertinent part: "Unless otherwise specified in the order, a dismissal under this subsection (2) is without prejudice." Because the trial court's order did not otherwise specify, the dismissal here was without prejudice.

Consequently, the dismissal was not "final" in the sense that it will preclude further litigation. Plaintiff's claims, and defendants' counterclaims and cross-claims, may be brought again. *See Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 380 (Colo. 1994) (*AWDI*) (C.R.C.P.41(a)(2) is intended to allow plaintiff to dismiss a claim that may be asserted later); *Sharp Bros. Contracting Co. v. Westvaco Corp.*, 878 P.2d 38, 43 (Colo. App.1994) (dismissal on procedural grounds is not a final judgment and does not give rise to res judicata).

Plaintiff argues that, because the trial court's order does not preclude further litigation, it is not appealable. On its face, this argument would appear to have merit. By statute, this court has jurisdiction over "appeals from *final* judgments of the district courts." Section 13–4–102(1), C.R.S.2003 (emphasis added). And Colorado courts generally hold that, to be appealable, a district court's order must preclude further action. *See, e.g., Levine v. Empire Sav. & Loan Ass'n*, 192 Colo. 188, 190, 557 P.2d 386, 387 (1976) ("an order of dismissal is to be treated as a judgment for the purposes of taking an appeal when it finally disposes the particular action and prevents further proceedings as effectually as would any formal judgment") (quoting *Herrscher v. Herrscher*, 41 Cal.2d

300, 259 P.2d 901 (1953)); *Norby v. Charnes*, 764 P.2d 407, 408 (Colo.App.1988) (dismissal of a complaint without prejudice is generally not a final and appealable order).

Plaintiff's argument is further supported by a passage from *Brody v. Bock*, 897 P.2d 769, 777 (Colo.1995), which suggests that voluntary dismissals under C.R.C.P. 41(a)(2) are not appealable:

> A final judgment is a jurisdictional prerequisite to review on appeal. *People v. Proffitt*, 865 P.2d 929, 931 (Colo.App.1993). Generally, a trial court's dismissal of a claim without prejudice does not constitute a final judgment for purposes of appeal because the factual and legal issues underlying the dispute have not been resolved. C.R.C.P. 41(a)(2); *District 50 Metro. Recreation Dist. v. Burnside*, 157 Colo. 183, 186–87, 401 P.2d 833, 835 (1965); *Norby v. Charnes*, [*supra*].

Nevertheless, we conclude that the trial court's order was appealable.

We first note that *Brody v. Bock, supra*, does not settle the question. Although *Brody* suggests that dismissal without prejudice is nonappealable, it does so only in dictum. On this issue, *Brody's* holding is more limited: the order was appealable because the court concluded that it was a dismissal with prejudice. *See Brody v. Bock, supra*, 897 P.2d at 777.

Next, we consider two cases that were decided after *Brody*. These decisions address whether plaintiffs may appeal from orders granting voluntary dismissal without prejudice under C.R.C.P. 41(a)(2). In *Jensen v. Matthews–Price*, 845 P.2d 542, 543 (Colo.App.1992), a division of this court observed that a plaintiff ordinarily may not appeal from an order granting voluntary dismissal. The reason, said the division, is that "such dismissal cannot be characterized as an involuntary adverse judgment against the plaintiff." But the division held that the general prohibition did not apply because the plaintiffs had reserved their right to appeal an award of sanctions imposed under C.R.C.P. 11. *Jensen, supra*, 845 P.2d at 543.

The Colorado Supreme Court elaborated on this rationale in *AWDI, supra*. Quoting

*Jensen*, the court noted the general rule that a plaintiff may not appeal from voluntary dismissal under C.R.C.P. 41(a)(2) because the order is not adverse. *AWDI, supra*, 874 P.2d at 378. But the court held that, when dismissal is conditioned on terms to which the plaintiff does not agree, the plaintiff may appeal, challenging the unwanted terms and conditions as "legal prejudice." *AWDI, supra*, 874 P.2d at 378.

It is significant that, under *Jensen* and *AWDI*, the plaintiff's right of appeal depends not on whether dismissal is with prejudice, but on whether the trial court has imposed sanctions or unwanted terms and conditions. The requisite "finality" apparently arises from the fact that sanctions, terms, and conditions can affect the plaintiff's substantial rights and thus constitute an independent form of legal prejudice.

■ By logical implication, *Jensen* and *AWDI* suggest that a defendant also may appeal when a case is dismissed under C.R.C.P. 41(a)(2). If the presence of unwanted terms or conditions can constitute legal prejudice to the plaintiff, the absence of desired terms or conditions can constitute legal prejudice to the defendant. Accordingly, when a trial court grants the plaintiff's motion for voluntary dismissal without prejudice under C.R.C.P. 41(a)(2), and does so (1) over the defendant's objection, (2) without imposing terms and conditions that the defendant requests, or (3) without making allowances for the defendant's counterclaims, the court's order is sufficiently final to support the defendant's appeal.

We have examined cases from other jurisdictions on this issue, paying particular attention to federal cases. *See AWDI, supra*, 874 P.2d at 378 (Fed.R.Civ.P. 41(a)(2) is virtually identical to Colorado's rule, so federal precedent will be helpful); *Powers v. Prof'l Rodeo Cowboys Ass'n*, 832 P.2d 1099, 1102 (Colo.App.1992) (same). And we have found general agreement: When a trial court grants a plaintiff's request for voluntary dismissal without prejudice, over the defendant's objection or without imposing terms and conditions, the order is final, and the defendant may appeal. *See Kirkland v. Nat'l Mortgage Network, Inc.*, 884 F.2d 1367, 1369–70 (11th Cir.1989) (district court's order granting voluntary dismissal without prejudice under Fed.R.Civ.P. 41(a)(2) is final and appealable by defendant); *United States v. Mt. Vernon Mem'l Estates, Inc.*, 734 F.2d 1230, 1234 (7th Cir.1984) (unconditional voluntary dismissal under Rule 41(a)(2), without prejudice because the order did not specify otherwise, qualified as a final judgment for purposes of appeal); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir.1976) (where the trial court allows the plaintiff to dismiss his action without prejudice, the judgment qualifies as a final judgment for purposes of appeal); 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2376 (2d ed.1995) (a defendant can appeal if the motion for voluntary dismissal is granted, since this is an adverse final judgment); *see also Bd. of Comm'rs v. Nevitt*, 448 N.E.2d 333, 338 (Ind.Ct.App.1983) (jurisdictions with identical versions of Rule 41(a)(2) uniformly hold that an order granting voluntary dismissal is final and appealable); *Farrell v. Dome Labs.*, 650 P.2d 380, 383 (Alaska 1982) (dismissal without prejudice under Rule 41(a)(2) is a final judgment for purposes of appeal).

We also note that a contrary rule would yield anomalous results. It would be an odd rule that (1) allows the plaintiff to challenge aspects of an order that it requested at trial and (2) simultaneously bars the defendant from challenging aspects of the same order, when the defendant opposed the order at trial. This is especially true if the rule would preclude the defendant from appealing to enforce an express provision in the rules of civil procedure. *See* C.R.C.P. 41(a)(2) ("If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.").

We therefore conclude that we have jurisdiction to review this case as an appeal from a final judgment.

## II. Review of Order

■ Defendants contend that the trial court erred in dismissing the case without

imposing terms and conditions. We agree that the case must be remanded.

## A. Terms and Conditions

■ Before granting a plaintiff's motion for voluntary dismissal without prejudice, the trial court must "determine that any harm to the defendant may be avoided by imposing terms and conditions of dismissal." *AWDI, supra,* 874 P.2d at 380; *see also Ikospentakis v. Thalassic S.S. Agency,* 915 F.2d 176, 177 (5th Cir.1990) (primary purpose of entrusting dismissal to the supervision of the trial court is to protect defendant from unfair treatment); *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir.1987) (district court must focus primarily on protecting the interests of the defendant); *McCall–Bey v. Franzen,* 777 F.2d 1178, 1184 (7th Cir.1985) (terms and conditions are the "quid pro quo" of allowing plaintiff to dismiss a potentially meritorious claim without being prevented by the doctrine of res judicata from bringing the same suit again).

Some conditions—such as the payment of costs—are imposed routinely. *See Davis v. USX, supra,* 819 F.2d at 1276 (requiring plaintiff to pay a portion of costs is the kind of condition that should be imposed as a matter of course in most cases). Other conditions vary, depending on the facts of the case. *See LeCompte v. Mr. Chip, supra,* 528 F.2d at 603 (dismissal may be conditioned on terms designed to reduce inconvenience to the defendant, such as production of certain documents).

■ The trial court may order the plaintiff to pay the defendant's attorney fees as a condition of voluntary dismissal under C.R.C.P. 41(a)(2), but only when necessary to protect the defendant from prejudice. The court may not award attorney fees to sanction the plaintiff for its conduct in litigation. *See AWDI, supra,* 874 P.2d at 380 (unlike awards under C.R.C.P. 11 and § 13–17–102, C.R.S.2003, the court's focus under C.R.C.P. 41(a)(2) "is necessarily on a remedy for the defendant, not punishment of the plaintiff"). Attorney fees may be awarded under C.R.C.P. 41(a)(2) only if the plaintiff's case is dismissed without prejudice. *Groundwater Appropriators of S. Platte River Basin, Inc. v. City of Boulder,* 73 P.3d 22, 25 (Colo.2003). And the court may order the plaintiff to pay only for legal work that would not be useful to the defendant in future litigation. *AWDI, supra,* 874 P.2d at 382.

■ The trial court's decision to impose terms and conditions, or to refrain from doing so, is reviewed only for an abuse of discretion. *AWDI, supra,* 874 P.2d at 386. If the trial court determines that attorney fees should be awarded under C.R.C.P. 41(a)(2), the award must be reasonable, and the court's determination of reasonableness is a question of fact that will not be disturbed on review unless it is patently erroneous and unsupported by the evidence.

Here, defendants asked the court to impose various terms and conditions—including costs and attorney fees—before granting plaintiff's motion for voluntary dismissal. Although the court implicitly denied defendants' requests, it did so without making any findings. As a result, we cannot determine whether the trial court properly exercised its discretion. We therefore remand for findings that reflect consideration of the defendants' requests under the standards set forth above. *See Bilawsky v. Faseehudin,* 916 P.2d 586, 591 (Colo.App.1995) (order vacated and remanded because appellate court could not determine the trial court's basis for denying some of the requested fees); *see also Iraola & CIA, S.A. v. Kimberly–Clark Corp.,* 232 F.3d 854, 861–62 (11th Cir.2000) (case remanded because the court did not address defendants' request for conditions of voluntary dismissal and denied the request by implication). On remand, the court may conduct whatever proceedings it deems necessary to aid in determining the conditions that may be appropriate. *See McCants v. Ford Motor Co.,* 781 F.2d 855, 861 (11th Cir.1986).

## B. Cross–Claim

As noted above, C.R.C.P. 41(a)(2) expressly protects counterclaims: the case "shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication." But the rule does not mention cross-claims. It is therefore unclear whether a cross-claim can prevent a court from granting a plaintiff's motion for voluntary dismissal.

 But we do not need to reach this question. We conclude that, even if a cross-claim cannot prevent a court from granting a plaintiff's motion, it should not be dismissed along with the plaintiff's claims if it can remain pending for independent adjudication. *See Adams v. NVR Homes, Inc.,* 135 F.Supp.2d 675, 708 (D.Md.2001) (dismissal under Rule 41(a)(2) does not require dismissal of valid cross-claim previously interposed).

Here, it appears that the bank's cross-claim can remain pending for independent adjudication. Accordingly, the trial court should not have dismissed it along with plaintiff's claims.

On remand, the trial court should proceed with litigation on the bank's cross-claim and should make findings on the terms and conditions requested by all defendants. In its discretion, the court may decide to treat as a counterclaim the "matter of avoidance" that the trust defendants asserted under § 38–35–109(3). *See* C.R.C.P. 8(c) (when a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the pleading shall be treated as a proper designation if justice requires).

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge VOGT and Judge DAILEY concur.