HURLBURT V. MARSH AND THE TOWN OF LITCHFIELD.

Towns not liable for the default of their constables, in the execution of their office.

ACTION of the case; declaring, that the town of Litchfield in December A. D. 1789, chose and appointed Andrew Adams, Jr. a constable for A. D. 1790, who was duly sworn; that in January A. D. 1790, he delivered to said Constable Adams an attachment in his favor against Zebulon Taylor, of said Litchfield, for £      lawful money, and returnable to the County Court in Litchfield, holden on the fourth Tuesday of March, A. D. 1790, that said Constable Adams returned said writ indorsed under his hand and office, that for want of estate he attached the body of said Taylor, read said writ in his hearing, and had taken sufficient bonds for his appearing at court; and that before the County Court at Litchfield, holden on the fourth Tuesday of March, A. D. 1791, he recovered judgment by the default of said Taylor's appearing, for the sum of £13 13s. 6d. lawful money, damages and cost, upon which judgment he took out execution and delivered it to a proper officer, who returned said execution indorsed, *non est inventus*, that said Taylor had become bankrupt and avoided said execution: Further alleging, that the return of said Constable Adams on said attachment was false and undue, for that he did not take any bonds to secure the appearing of said Taylor, to answer to said action, whereby he had become liable for said debt, and that said Constable Adams was bankrupt, worth nothing, and was so before, and at the time when said town of Litchfield chose him constable, and well known to the said town to be so; whereby the plaintiff had wholly lost his said debt; of all which the defendants had been duly notified, and requested to pay; and thereupon the defendants became liable to pay, and in consideration thereof assumed and promised, etc. The defendants demurred to the declaration.

Judgment — Declaration insufficient.

Towns are not liable or responsible for the conduct of the constables whom they appoint, in the execution of their office,

except to the state in the case of tax gathering, any more than the governor and council are responsible for the sheriffs they appoint. The law makes it the duty of towns, annually to appoint constables, and to see that they are sworn before the 1st of January; it prescribes and enjoins upon constables the duties of their office; they do not act under the authority of the town, but of the law, nor hath the town any control over them, or power to require security from them.