[Civ. No. 3559. Second Appellate District, Division Two.—December 24, 1921.]

## CECIL H. BAISLEY, a Minor, etc., Appellant, v. C. H. HENRY et al., Respondents.

[1] MUNICIPAL CORPORATIONS—NEGLIGENCE OF SUBORDINATE OFFICIAL—UNAUTHORIZED APPOINTMENT—LIABILITY OF TRUSTEES.—City trustees are not chargeable with the negligence of a subordinate official whose appointment was the unauthorized act of another subordinate wrongfully usurping an appointing power with which he was not vested.

[2] AGENCY—ACTS OF SUBAGENT—LIABILITY OF AGENT.—An agent is not in general liable to third persons for the misfeasance or malfeasance of a subagent employed by him in the service of his principal, unless he is guilty of negligence in the appointment of such subagent or improperly co-operates in the latter's acts or omissions.

[3] PUBLIC OFFICERS—NEGLIGENCE OF INFERIOR OFFICER—LIABILITY.—A public officer is not personally liable for the negligence of an inferior officer unless he, having the power of appointment, has failed to use ordinary care in the selection.

[4] NEGLIGENCE—SHOOTING BY CITY PATROLMAN—ACTION AGAINST CITY TRUSTEES — PLEADING — INSUFFICIENT COMPLAINT.—A complaint in an action against city trustees to recover damages for the negligent shooting of the plaintiff by a patrolman fails to state a cause of action, where it is not alleged that the defendants were negligent in the selection of the patrolman or in the selection of the city marshal by whom he was appointed.

[5] ID.—SELECTION OF PATROLMAN — INSUFFICIENT ALLEGATION — SPECIAL DEMURRER.—An allegation in such a complaint that the city marshal negligently and carelessly selected and appointed the patrolman is insufficient as against a special demurrer in failing to allege in what respect the marshal was careless or negligent.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

3. Liability of public officer for acts of subordinates, notes, 12 Ann. Cas. 185; 1 A. L. R. 222; 12 A. L. R. 980.

Marcus A. Woodward for Appellant.

Evans & Pearce and W. E. Evans for Respondents.

FINLAYSON, P. J.—Plaintiff, a minor, who was negligently shot by a patrolman of the city of Glendale, a city of the sixth class, of which the defendants are the duly elected and acting trustees, brings this action against defendants to recover of them damages for the negligent shooting by the police officer. A general and special demurrer was interposed to plaintiff's complaint. The demurrer was sustained. Plaintiff, declining to amend, appeals from the judgment entered after the order sustaining the demurrer.

The complaint alleges that, prior to the time when plaintiff was negligently shot by the patrolman, the defendants, as the city trustees, had adopted an ordinance—a copy of which is attached to the complaint as an exhibit—whereby five city departments for the administration of the business of the city were established, the appointment of certain city officials was provided for and their powers and duties defined. One of the five departments thus established, or attempted to be established, is designated in the ordinance as the "Public Safety Department." It is provided that one of the officers of that department shall be the city marshal, who shall be *ex-officio* chief of police, who shall have command and control over the police force, and who shall recommend for appointment such officers as are authorized by the board of trustees, and that, *upon appointment by the board*, such appointees shall be the authorized police officers of the city and become members of the police force. The ordinance declares that the chief of police shall be appointed by the board of trustees upon the nomination of the city manager.

The case as alleged in the complaint, omitting all the merely nonessential allegations and the pleader's conclusions of law, is substantially as follows: Defendants, as such city trustees, duly appointed one J. P. Lampert chief of police and city marshal, under the authority assumed by them by reason of the above-mentioned ordinance, under which ordinance, it is alleged, the trustees ran the city and assumed the power of selecting and appointing subordinate officers; Lampert, by virtue of his appointment as chief of police

and city marshal, "did, on or about the ninth day of January, 1920, negligently and carelessly select and appoint one Guy Wilson to the position of a patrolman in and for said city . . . and did . . . permit and allow said Guy Wilson, who was then and there a careless, reckless and incompetent person for such position, to assume said position and its duties as said patrolman"; prior to the appointment of Lampert as chief of police and city marshal, defendants, as such trustees, had appointed one T. W. Watson city manager; Watson negligently and carelessly approved, at the time thereof, all the acts and omissions of Lampert, and negligently and carelessly reported Lampert's acts to be satisfactory to him as city manager. Then follows an account of the negligent shooting of plaintiff by Guy Wilson, the patrolman.

[1] We fail to see any theory upon which it can be held that a cause of action has been stated. In the first place, it appears from the allegations of the complaint that the patrolman who shot plaintiff was not appointed by defendants but by the city marshal, notwithstanding that the power to appoint police officers is vested in the board of trustees, whether we refer such appointive power to the ordinance or to the General Municipal Corporation Act (Stats. 1883, p. 93, and amendments, sec. 852). But, aside from the consideration that they are not chargeable with the negligence of a subordinate whose appointment was the unauthorized act of another subordinate wrongfully usurping an appointing power with which he was not vested, defendants are not liable under the allegations of this complaint for the further reason that, as we presently shall show, there is no allegation that they were negligent in the appointment of the city marshal.

Appellant's theory seems to be that the ordinance establishing the five city departments was *ultra vires,* and that, therefore, the defendants, without any authority whatever, assumed to carry on and conduct the government of the city in their own way and beyond their legal powers. Hence, so it is argued, the doctrine of *respondeat superior* applies. We fail to see any force in this argument. In the first paragraph of the complaint it is alleged that at all the times in that pleading mentioned defendants were and still are "the duly elected, qualified and acting trustees of

said city of Glendale," and that "each and all of their acts and omissions hereinafter complained of were performed by them under color of said office of Trustees and Board of Trustees in and for said city, and while acting in their official capacity." If, as the complaint alleges, defendants, at all times, were the duly elected, qualified and acting trustees of the city, and if, as alleged, each of their acts was performed by them in their official capacity, then, at all the times mentioned, defendants were, and were acting as, the agents of the city, and the city marshal was a coservant or subagent, as was also the patrolman, if we assume that he ever was appointed by an authorized agency. For if, as appellant asserts, defendants were without power to adopt the ordinance, then that attempted municipal by-law was a nullity, in which event defendants' powers as trustees must be measured by, and their official acts referred to, the General Municipal Corporation Act, which provides for the appointment of a city marshal and police officers. By section 852 of that act as amended by Stats. 1919, p. 19, it is provided that the board of trustees of a city of the sixth class "shall appoint . . . the marshal . . . and . . . may also, in their discretion, appoint . . . such other subordinate officers as in their judgment may be deemed necessary." Section 880 provides that "the department of police of said city or town shall be under the direction and control of the marshal." So that, whether the municipal affairs of the city of Glendale may be deemed to have been administered under the ordinance, or whether, that ordinance being a nullity, the affairs of the city must be deemed to have been conducted under the General Municipal Corporation Act, in either event it appears from the allegations of appellant's complaint that the defendants were the agents of the municipality, and that the chief of police, the city manager and the patrolman were subordinate agents employed in the service of the common principal—the city. This being the situation, the doctrine of *respondeat superior* is inapplicable. As the agents of the city, defendants are not liable in an action of tort to plaintiff, a stranger, for the negligence of their coservant or agent. [2] The rule is that an agent is not in general liable to third persons for the misfeasance or malfeasance of a subagent employed by him in the service of his principal, unless he is guilty of

negligence in the appointment of such subagent or improperly co-operates in the latter's acts or omissions. (2 C. J. 829.) **[3]** An application of this principle is found in the rule, uniformly recognized, that a public officer is not personally liable for the negligence of an inferior officer, unless he, having the power of appointment, has failed to use ordinary care in the selection. (*Brown* v. *West,* 75 N. H. 463 [76 Atl. 169]; *Dobbins* v. *City of Arcadia,* 44 Cal. App. 181 [186 Pac. 190].) **[4]** From this it follows that the complaint fails to state a cause of action against these defendants unless that pleading sufficiently alleges that defendants were negligent in the selection of the careless patrolman, or in the selection of the city marshal by whom the patrolman was appointed. But the complaint utterly fails to allege any such negligence on defendants' part. It is true, it alleges that defendants appointed the city marshal, and that the latter negligently and carelessly selected the patrolman; but nowhere does it appear from the complaint that the defendants were negligent in the selection of the city marshal. The allegation is that "J. P. Lampert was duly appointed by said trustees as one of their subordinate officers and agents with power to act for them as such, under the title or designation of Chief of Police and Marshal in and for the city of Glendale." This is the sole direct averment of the appointment of Lampert by defendants; and in it there is not even a hint that their choice for the office of city marshal was unfit for that office, or that he was careless, or that defendants knew him to be unfit or careless, or that, knowing him to be unfit or careless, they, nevertheless, failing to exercise ordinary care, negligently selected him as the city marshal.

**[5]** Moreover, the allegation of negligence on the part of defendants' subagent, the city marshal, in appointing the patrolman Wilson is not sufficient as against the special demurrer. The allegation is that Lampert, while acting as city marshal, did "negligently and carelessly select and appoint one Guy Wilson to the position of patrolman," and did permit Wilson, "who was then and there a careless, reckless and incompetent person for such position," to assume the position of patrolman. The averment that Lampert was negligent and careless in the selection of Wilson fails to allege in what respect the former was negligent or

careless. It is not alleged that Lampert knew that Wilson was a careless, reckless, or incompetent person, or that Lampert was negligent or careless in that he negligently or carelessly selected a careless, reckless, or incompetent patrolman. All we have is the bare allegation that Lampert did "negligently and carelessly select and appoint one Guy Wilson," with no attempt to show in what respect the selection and appointment was negligently or carelessly made.

There are certain general averments of the complaint, mere legal conclusions, respecting the duty that defendants, as trustees of the city, owed to plaintiff as a resident of the municipality. These allegations add nothing to the force of the complaint. Defendants' duties as trustees are fixed by statute, and may not be expanded by the pleader's conclusions of law.

The demurrer was properly sustained, and the judgment is affirmed.

Works, J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 20, 1922.

All the Justices concurred, except Sloan, J., and Lennon, J., who were absent; Richards, J., *pro tem.*, was acting.