No. 17,496.

Edward L. French, et al. *v.* Art L. Haarhues, et al.

(287 P. [2d] 278)

Decided August 29, 1955. Rehearing denied September 19, 1955.

Messrs. Kripke & McLean, for plaintiffs in error.

Messrs. Yegge, Bates, Hall & Shulenburg, Mr. Richard D. Hall, Mr. J. Corder Smith, for defendants in error.

*En Banc.*

Mr. Chief Justice Alter delivered the opinion of the Court.

Edward L. French and Dorothy French, plaintiffs in error here and plaintiffs in the court below, brought an

action against Art L. Haarhues and Roy N. Jones as defendants to recover damages in the aggregate sum of $6850.27 allegedly due them by reason of a fire loss allegedly resulting from defendants' negligence. At the conclusion of the plaintiffs' case, defendants' motion for a dismissal was granted, and plaintiffs are here by writ of error seeking a reversal of the *judgment*.

The complaint charges that a building and the contents thereof owned by plaintiffs were completely destroyed to their damage as above stated by reason of the fact that defendants maintained a fire in said building and negligently operated, maintained and cared for the same. Defendants in their answer set forth three defenses: 1. Denied negligence; 2. damage proximately caused by unavoidable accident, and 3. damage proximately caused by the carelessness and negligence of the plaintiffs in the construction and maintenance of the building.

The evidence discloses that on October 27, 1951, plaintiffs permitted Art L. Haarhues the use of a shop on plaintiffs' premises for the purpose of repainting his trailer, the painting to be done by Jones, an employee of Haarhues. Plaintiffs testified that the shop was structurally in good condition; the electric wiring therein was good, and that the stove used to heat the shop in inclement weather was likewise in good condition. Jones kindled a fire in the stove, and while engaged in painting the trailer, found the shop on fire, which completely destroyed it and its contents. It is for the value of the building and its contents that plaintiffs seek damages in the amount of $6850.27. After the fire the stove was found to be full of live coals, the door thereto closed, and in an undamaged condition.

There is no evidence in the record to establish how the fire started or what occasioned it. The acting fire chief of the Fort Morgan Fire Department, who was present with his equipment trying to extinguish the fire, stated that he could not definitely determine the cause

of the fire, but he assumed it was the overheated stove. However, on cross examination he testified that the overheated stove was the only assumption "we would have for the fire." He further stated that this assumption would be a guess on his part and that there could have been other causes for the fire, although he was not called upon to state what other causes could have occasioned it.

At the conclusion of all of the evidence, defendants, as we have said, moved for a dismissal, basing their motion upon two grounds: 1. That there was no evidence that any act of defendants, or either of them, was the proximate cause of the fire, and 2. that there was no evidence of any negligence on the part of defendants, or either of them, which was a proximate cause of the fire. After argument the court stated:

"I think, under the circumtances, that the Motion to Dismiss should be sustained and it is accordingly so ordered.

"Mr. Kripke: May our exceptions to the ruling of the Court be noted, your Honor?

"The Court: Your exceptions are noted and let the record show that a Motion for a New Trial is dispensed with for the reason that if the same were filed, it would undoubtedly be overruled as serving no useful purpose, and the plaintiffs may have sixty days within which to tender the Reporter's transcript.

"Mr. Kripke: May execution be stayed for a like period?

"The Court: Yes. Judgment is ordered entered as of this day and a stay of execution is granted for sixty days."

Pursuant to the court's order, the only record pertaining thereto is the following:

"IN THE DISTRICT COURT IN AND FOR
THE COUNTY OF MORGAN AND
STATE OF COLORADO
Action No. 7952

(Copied from Civil Order)
(Book D, page 109 . )

BE IT REMEMBERED, That heretofore and on to wit, the 22nd day of July, A. D. 1954, the same being one of the regular juridical days of the March, A. D. 1954 term of Court, the following proceedings, inter alia, were had and entered of record in said Court, to-wit:

EDWARD L. FRENCH and
DOROTHY FRENCH,
　　　　　　　Plaintiffs

vs.

ART L. HAARHUES and
ROY N. JONES,
　　　　　　　Defendants

ORDER OF COURT
(Judge Raymond L. Sauter)

On this day come the plaintiffs in person and by Robert E. McLean, Waino W. Johnson and Kenneth N. Kripke, Esq., and come also the defendants in person and by their attorneys, J. Corder Smith, and Mr. Hall of January and Yegge, Esq.

The following jurors were elected and sworn to try this cause:

1 Edwin Matzner
2 Ivy D. Mengel
3 Clara A. Kronlow
4 Harry A. McMahan
5 William O. Lathrop
6 Fred J. Martensen

The Court now instructed the jury to not discuss this case with anyone nor among themselves at this time.

Mr. Kripke made the opening statement to the jury on behalf of the plaintiffs.

Dorothy French was sworn and testified.

Edward L. French was sworn and testified.

Exhibits A, B, and C, were identified and it was stipulated that they be received and admitted, and the Court ordered that Exhibits A, B, and C be admitted. Exhibits were passed to the jury for inspection.

Exhibit D was identified by Edward L. French and offered in evidence, objected to by defendants; the court overruled the objections and ordered that Exhibit D be admitted.

William A. Pischel was sworn and testified. Frank Berman was sworn and testified. Herman Dickman was sworn and testified. Exhibit E was identified and offered to which defendants objected and objections sustained. Mr. French was recalled as to Exhibit E which was then again offered and admitted, as corrected. Objection of defendants noted. Mr. Dickman was recalled as to item 38 in Exhibit E.

Plaintiffs called Roy N. Jones, Defendant, as adverse witness under statute. Mr. Jones was sworn and testified and identified Exhibit "F"—Exhibit F then offered to which defendants object—objection sustained.

Exhibits D and E were passed to jury for their inspection.

Plaintiffs rest.

Jury was again cautioned to not discuss this matter with any one nor among themselves, and a recess was ordered 9:00 A.M. July 23, A.D. 1954.

\* \* \*

At this time Mr. Hall moved the Court to dismiss the complaint and enter judgment in favor of the defendants on the following grounds:

1. That there is no evidence whatsoever that any act on the part of the defendant Roy N. Jones, or the defendant Art Haarhues, was a proximate cause of the fire that occurred on October 27, 1951.

2. That there is no evidence whatsoever of any negligence on the part of either defendant, Jones, or defendant, Haarhues, which was, in any way, a proximate cause of said fire on October 27, 1951.

. This motion, after argument was sustained. The Complaint was ordered dismissed, judgment was ordered entered in favor of the defendants, with costs assessed to plaintiffs.

Motion for a new trial was dispensed with. Plaintiffs were given sixty days within which to tender a Reporter's transcript.

Stay of execution was ordered for that sixty day period."

The motion to dismiss was granted on July 22, 1954, and on July 27, 1954, plaintiffs' counsel filed with the clerk of the district court a "Designation of Record on Error" in which designation is found a *direction for entry of judgment* but no designation for any final judgment. Plaintiffs also designated their exhibits A through G, inclusive; however, none thereof are to be found with the record.

Our Rule 111, R.C.P. Colo., provides that a writ of error shall lie from the supreme court to a final judgment of any district, county or juvenile court. Our Rule 112, R.C.P. Colo., provides for the record on error. Therein we find, inter alia, "* * * There shall be transmitted to the Supreme Court a properly folioed true copy of the matter designated by the parties which shall always include, whether or not designated, copies of the following: The material pleadings without unnecessary duplication, the verdict or the findings of fact and conclusion of law, *together with direction for the entry of judgment thereon* * * * *the judgment or part thereof to be reviewed* * * *." (Italics ours.)

 The entry of a judgment upon the court's order is a ministerial duty on the part of the clerk, but if a defeated litigant desires a review by writ of error in this court, it is his *duty* to see that the record presented here is properly prepared and completed and contains a final judgment; otherwise dismissal will follow. The trial judge, having heard all of the evidence and observed the witnesses as they testified, determined that there was no evidence in the record that demonstrated negligence on the part of Jones which would support a recovery, and accordingly dismissed the action. We have held, "* * * Where a trial court, from a review of all the evidence adduced, is convinced that there is no basis upon which a verdict in favor of the plaintiff may be supported and that even though a jury should return

a verdict in his favor it could not be permitted to stand, it becomes the duty of the trial court, as a matter of law, to direct a verdict in favor of defendant. Where the trial court in so doing exercises sound judicial discretion, its action is entitled to the same presumption of regularity and validity as is accorded to any other type of judgment. That error may have been committed by the trial court is never presumed, but must affirmatively be made to appear. * * *" *Nelson v. Centennial Cas. Co.,* 130 Colo. 66, 273 P. (2d) 121. Under like circumstances as above quoted, it becomes the duty of the trial court to grant a dismissal of the action.

We have held that on review the rule requiring the inclusion of the judgment is mandatory, and in the absence thereof the writ of error should be dismissed. *Martin v. Way, Rec.,* 86 Colo. 232, 280 Pac. 488; *Commercial Credit Co. v. Higbee,* 88 Colo. 300, 295 Pac. 792; *Slifka v. Viettie,* 110 Colo. 138, 131 P. (2d) 417; *J. and R. A. Savageau, Inc. v. Larsen,* 117 Colo. 229, 185 P. (2d) 1012; *Howard v. American Law Book Company,* 121 Colo. 5, 212 P. (2d) 1006; *Morron v. McDaniel,* 127 Colo. 180, 254 P. (2d) 862.

Our study of the record presented here, as well as the briefs submitted, justifies a statement that even if the record was in all respects in compliance with our rules, nevertheless no judgment could properly be entered for plaintiffs.

Our conclusion that the writ of error should be dismissed because of the condition of the record here makes a consideration of other points raised by plaintiffs unnecessary.

Accordingly, the writ of error is dismissed.