DORIS STIEBITZ ET AL. *v.* JOHN C. MAHONEY ET AL.

SUPERIOR COURT        TOLLAND COUNTY        FILE NO. 6909

Memorandum filed October 1, 1956.

*Robert J. Pigeon* and *Stephen E. Ketcham,* both of Rockville, for the plaintiffs.

*Donald C. Fisk,* of Rockville, for the defendant Herman O. Schendel.

ALCORN, J. The complaint is in two counts. In the first count the plaintiffs seek to recover from the defendant Mahoney for personal injury and property damage arising out of an alleged assault and battery, indecent assault, attempted rape and armed robbery committed while Mahoney was on duty as a police officer. This count is not attacked by the demurrer.

The second count, in which the same plaintiffs seek damages from the defendant Schendel, is the subject of the demurrer. The allegations of this count, including those incorporated by reference from the first count, are in substance as follows: Mahoney was a Manchester police officer and as such was a public peace officer whose duty it was to keep the peace, suppress violence and enforce the law. While on duty patrolling the highways, he stopped an automobile containing the plaintiffs, entered the vehicle, forced the plaintiffs to drive to a secluded spot, handcuffed them, forced them to leave the vehicle and committed an assault and battery, indecent assault, attempted rape, and armed robbery on them at the point of a gun and under threat of death, causing them serious personal injury and property damage. At the time this occurred, the defendant Schendel was the Manchester chief of police charged, among other duties, with "the control, discipline, appointment, suspension, removal, and expulsion of the members of the police department." The acts of violence and injuries inflicted on the plaintiffs by Mahoney were caused by the defendant Schendel's negligence in that (a) he employed and appointed Mahoney as a police officer, a position of public trust, "without making a proper investigation as to his qualifications, maturity, habits, health and moral character"; (b) "he failed to remove, expel, suspend or discipline" Mahoney when he knew or should have known that Mahoney

"was unfit and unqualified to safely and properly perform the duties of the office to which he had been appointed"; and (c) Schendel "failed to properly perform his duties as Chief of Police" as provided by the Manchester charter. These allegations must be considered as admitted for purposes of the demurrer. *Cashman* v. *Meriden Hospital,* 117 Conn. 585, 586.

The demurrer attacks the cause of action thus attempted to be stated upon three grounds, namely: (1) "In attempting to sue the defendant as Chief of Police," the action is in effect against the town for negligence in performing a governmental function and, as such, is not a good cause of action; (2) as an action against Schendel individually the alleged breach of duty is one owed to the public generally rather than to the plaintiffs individually; and (3) Schendel as a public official is not, in the absence of statute, liable for the acts of his subordinates.

The first ground of demurrer must be overruled. The writ names the defendant Schendel as an individual and not as chief of police. His official position appears only in the recital of facts in the complaint upon which the claim as to his negligence is based. The action cannot be construed as in substance against the town. *Leger* v. *Kelley,* 142 Conn. 585, 588.

The second and third grounds of demurrer may be considered together. The plaintiffs acknowledge the generally accepted proposition that the doctrine of respondeat superior is not applicable so as to make public officers legally liable for the negligence of their subordinate officers. *Barker* v. *Chicago, P. & St. L. Ry. Co.,* 243 Ill. 482, 486; 4 McQuillin, Municipal Corporations (3d Ed.) § 12.226. Consequently, plaintiffs' citation of Restatement, 2 Torts § 307, is not in point. Liability attaches, however, if the

officer directs or authorizes the negligent act to be done by his hired employee. *Ely* v. *Parsons,* 55 Conn. 83, 100; *Wadsworth* v. *Middletown,* 94 Conn. 435, 442. The latter situation concededly does not exist under the facts of the present case.

The plaintiffs seek to recover from the defendant Schendel solely for his own alleged negligent acts, quite distinct from the alleged wrongful acts of Mahoney. Reliance is placed principally upon *Fernelius* v. *Pierce,* 22 Cal. 2d. 226, and *Hale* v. *Johnston,* 140 Tenn. 182. These cases concern the liability of public officers for injuries inflicted by their subordinates upon prisoners legally placed in their custody. Cases of this type are collected in the annotation at 14 A.L.R.2d 353, 360. The cases relied on recognize the majority view that in such a situation the duty owed to a prisoner by the officer is a private duty. The two cases referred to are markedly different on their fact from the present case in that they concerned public officers who were charged with detailed knowledge of specific prior acts of their subordinates of the very kind which in fact produced the injury. The California case, furthermore, was based upon a statute.

Counsel have referred to no similar case in this state and the only comparable decision here which the court has discovered is *Hurlburt* v. *Marsh,* 1 Root 520. In that case, recovery was sought against the town of Litchfield for the default of a constable in making false service and return of process and, on demurrer, our court held the town not liable even though it knew the constable to be irresponsible when it appointed him. It is of further significance that the default of the officer in that case concerned a duty which might be construed as one owed to the individual. *Leger* v. *Kelley,* 142 Conn. 585, 590. The decision conforms to the generally recognized proposition that police officers are not agents of the ap-

pointing authority but public officers of the law. White, Negligence of Municipal Corporations, § 67.

The demurrer, being addressed to the substance of the second count, must fail if any facts provable under the allegations would support the cause of action attempted to be stated. *Blakeslee* v. *Water Commissioners,* 106 Conn. 642, 649. As already indicated, the claims of negligence are very broad and general. The defendant might profitably have moved for a more specific statement before demurring. He has not done so, however, and the allegations as they stand would permit proof, if such is available, that Schendel had knowledge of Mahoney's tendency to do the very things which the plaintiffs claim he did to them.

Assuming for present purposes that such proof can be offered, the plaintiffs are nevertheless confronted with a further obstacle in the nature of the negligence with which they charge the defendant Schendel. The appointment of police officers, the adequacy of prior investigation of their qualifications and the like, and their disciplining or removal call for the exercise of judgment and consequently are discretionary duties. "Where the discretion has been exercised erroneously but in good faith through an error of judgment, the public official should not be required to pay damages for his acts." *Wadsworth* v. *Middletown,* 94 Conn. 435, 440. No lack of good faith on Schendel's part is claimed. A ministerial act, on the other hand, is one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act being done. *Blake* v. *Mason,* 82 Conn. 324, 327; *American Casualty Ins. Co.* v. *Fyler,* 60 Conn. 448, 460. "It is well settled that a public official is liable to an individual for his failure to perform a ministerial duty imposed upon him

by statute only if the statute creates a duty to the individual." *Leger* v. *Kelley,* 142 Conn. 585, 589. There is nothing in the breach of the duties described by the plaintiffs which would affect them in a manner any different in kind from the way in which it would affect the public at large. Schendel's duty to select, appoint, supervise, discipline and remove police officers was not designed to protect the plaintiffs in any manner different from other members of the general public. Consequently, the negligence complained of in the performance of those duties would not render the defendant Schendel liable to the plaintiffs. *Leger* v. *Kelley,* supra, 590; 2 Cooley, Torts (4th Ed.) § 300.

The demurrer is sustained upon the second and third grounds.