No. 18,076.

JAMES ELLIOTT, ET AL. *v.* CITY OF FORT COLLINS, ET AL.
(313 P. [2d] 316)

Decided July 15, 1957.

Mr. CHESTER A. BENNETT, for plaintiffs in error.

Mr. A. E. MARCH, Mr. O. REX WELLS, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

PURSUANT to special statute, a petition for annexation of a certain area to the City of Fort Collins was presented to the city council on February 2, 1956. The petition substantially complied with the annexation statute and was accepted by resolution of the council on February 9 following, and thereupon council ordered the city clerk to publish notice of a hearing on the ordinance for March 22, 1956. On that date a counterpetition was presented to the city council in opposition to the annexation and requesting that an election be called.

The annexation ordinance was passed on first reading on March 22, with the proviso that the matter be presented to the county court for an election as was the proper procedure since the counterpetition calling for the election was found to be sufficient. Final hearing on the annexation ordinance was set for April 12. On April 10 this injunction proceeding was commenced in the district court. Final hearing by the council was had on April 12 and the proposed annexation ordinance was defeated by unanimous vote of the city council. Counsel for defendants in error honestly and frankly state that the fact of the defeat by the council by a unanimous vote does not appear in the record; however, they affirm such to be a fact, and that this fact was called to the attention of the district court at the time of the hearing on the motion to dismiss.

The ordinance became dead for all purposes when it was defeated by the action of the council. The ordinance being dead, there is nothing to enjoin, and the district court was right in granting the motion to dismiss.

Defendants in error contend that the district court was without jurisdiction in the matter since this is not an ordinary action at law or suit in equity over which the district court would have jurisdiction, as

plaintiffs in error contend, but is a proceeding under a special annexation statute, which, by its terms, seemingly confines such annexation proceedings to the county court of the county in which the area involved is situated. The legislature, by enacting what is now C.R.S. '53, 139-11-4, apparently intended to create a uniform method of annexation to municipalities and over any contests thereon. Aside from the question of the jurisdiction of the district court in annexation matters, as raised by plaintiff in error, before any court has jurisdiction, it is necessary that there be a genuine and existing controversy and if the elements of the controversy have been presented and before an adjudication of the acts of the parties involved has disposed of the matter, it is the duty of the court, upon being shown such fact, to dismiss the action. Therefore only a moot question remains before us, and this court was not organized, nor is it maintained, to vindicate or justify the actions of parties, or to settle abstract problems where no relief can be granted.

The complaint alleges that the city manager of the City of Fort Collins, being the director of the department of finance, is liable to the city in the sum of $86.00, which was incurred as publication costs in giving notice of the pending ordinance according to C.R.S. '53, 139-11-4, which is further buttressed by Article 2, sections 6 and 7 of the charter of the City of Fort Collins. The official alleged to be liable is not a part of the legislative branch of the city, but is an administrative officer, required under the statute to carry out the mandates of the city council, and in doing so in this instance incurred the expense and is not liable, because the ordinance was either invalid or defeated by the council for other reasons. The law provides immunity from liability for public officials acting in pursuance of their official duties. The act of this official was not an illegal act, but was in conformity with the express requirements of the statute and ordered by the legislative body.

In light of the views herein expressed, the judgment of dismissal by the trial court was correct and is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE KNAUSS not participating.