## No. 23510.

### Roy Flournoy and Ruth L. Flournoy *v.* Robert McComas and Kenneth E. Oberholtzer.
(488 P.2d 1104)

Decided September 20, 1971.      Rehearing denied October 12, 1971.

JOHN S. CARROLL, WALTER L. GERASH, for plaintiffs in error.

PAUL D. RENNER, for defendants in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

PLAINTIFFS in error, Roy and Ruth L. Flournoy, as parents of David Flournoy, brought a wrongful death action against School District No. 1, Kenneth E. Oberholtzer, Robert McComas and Dolores I. Sayles. The complaint alleged that a car negligently driven by defendant Sayles hit and caused the death of David Flournoy, while he and others in a physical education class at Gove Junior High School were crossing Colorado Boulevard to a playground on the other side of the street.

On motion by School District No. 1, the trial court granted a summary judgment in favor of the School District on the basis of governmental immunity. However, in *Flournoy v. School Dist. No. 1,* 174 Colo. 110, 482 P.2d 966, that judgment was reversed on the holding that "... the court-made doctrine of governmental immunity of school districts is overruled." *See* also *Evans v. County Comm'rs. of County of El Paso,* 174 Colo. 97, 482 P.2d 968, which was announced contemporaneously with *Flournoy v. School Dist. No. 1, supra.*

The present case concerns the defendants Robert McComas, the principal of Gove Junior High School, and Kenneth Oberholtzer, the superintendent for School District No. 1 at the time of the accident. Personal judgment against each is sought. Defendant Sayles is not a party on this writ of error.

Two successive complaints against defendants McComas and Oberholtzer were dismissed upon motion and on each occasion, the court granted leave to amend.

Plaintiffs' third (second amended) complaint was filed and after argument by McComas and Oberholtzer upon the motion for dismissal or alternatively, for summary judgment or judgment on the pleadings, the court granted the motion, labeling it a judgment on the pleadings. So far as the record before us discloses, no answer to plaintiffs' complaint has been filed by McComas or Oberholtzer. These defendants filed only the above referred to motions for dismissal of plaintiffs' complaint.

The complaint in question alleges that defendant Sayles drove her automobile so negligently that it struck and killed David Flournoy. It further alleges that David Flournoy, at the time of the accident, was under the care and supervision of principal McComas and superintendent Oberholtzer.

We quote the allegations of negligence in the complaint as to McComas and Oberholtzer:

"[O]n March 25, 1966, at the Aaron Gove Junior High School and at the intersection of 14th Avenue and Colorado Boulevard in Denver, Colorado, knowing that this intersection was dangerous to human life by reason of fast-moving heavy traffic, the defendants McCOMAS and OBERHOLTZER negligently failed to provide adequate care, control, and supervision of DAVID FLOURNOY, negligently failed to provide a safe way for DAVID FLOURNOY to cross Colorado Boulevard, negligently failed to protect DAVID FLOURNOY against the danger of moving automobiles at the intersection, negligently failed to assign more than one teacher to assist DAVID FLOURNOY and other students to cross Colorado Boulevard, and negligently failed to provide him a safe place to study, play, and otherwise participate in school activities.

As a proximate result of the defendant McCOMAS' and the defendant OBERHOLTZER's negligent acts and negligent omissions, DAVID FLOURNOY died."

I.

Under these circumstances, where the only pleading filed is the complaint, we view the trial court's action as a dismissal of the complaint for failure to state a claim upon which relief can be granted. *See* 2A *J. Moore, Federal Practice* ¶12.15 at n.2; *General Motors Corporation v. Blevins*, 144 F. Supp. 381.

For the purposes of reviewing the dismissal of a complaint for failure to state a claim, we must view the allegations of fact in the complaint as true. *Bell v.*

*Arnold,* 175 Colo. 277, 487 P.2d 545, Supreme Court No. 23309, announced July 6, 1971; *Harrison v. Denver,* 102 Colo. 98, 76 P.2d 1110.

## II.

The law with regard to the immunity or exemption from personal liability of governmental officials for misfeasance, malfeasance, and non-feasance is certainly anything but uniform across the 50 state jurisdictions and the federal jurisdiction. *See generally,* 3 *K. Davis Administrative Law* §§ 26.01-26.07 (1958, 1965 Pocket Part); *W. Prosser, Law of Torts,* § 126 (3d ed. 1964); Jaffe, *Suits Against Governments and Officers: Damage Actions,* 77 Harv. L. Rev. 209 (1963); James, *Tort Liability of Governmental Units,* 22 U. Chi. L. Rev. 610 (1955).

In Colorado, in those instances where public officials have been charged with negligence, we have most recently adhered to the view as expressed in *Liber v. Flor,* 160 Colo. 7, 415 P.2d 332, to wit:

"Ordinarily public officials cannot be held liable under the doctrine of *respondeat superior;* however, where, having the power of selection, they fail to use ordinary care therein, or, where they have been negligent in supervising the acts of their subordinates or have directed or authorized the wrong, they may be held liable. *Schwalb v. Connely,* 116 Colo. 195, 179 P.2d 667 (1947)."

■■ The rule of *Liber v. Flor, supra,* in substance stands for the proposition that where a public official is charged with a duty and responsibility to the public, or any member of the public, he should not escape liability for damages caused by his negligence in failing to perform his duty and fulfill his responsibility. This does not mean that a public official should be liable for a honest and reasonable mistake made by him in his effort to carry out his responsibility to the public. Public policy dictates freedom from liability for the purpose of achieving the following benefits, to wit:

(1) to encourage competent and fearless administration by officials who will not become shy because of the consequences of the exercise of their judgment; and

(2) to prevent public officials from being burdened from the personal expense and inconvenience attendant to defending themselves from personal liability for exercising that discretion which is their very duty. *See Muskopf v. Corming Hospital District*, 55 Cal.2d 211, 11 Cal. Rptr. 89, 359 P.2d 457; *Lipman v. Brisbane Elementary School District*, 55 Cal.2d 224, 11 Cal. Rptr. 97, 359 P.2d 465; *Cf. Elliott v. City of Fort Collins*, 135 Colo. 558, 313 P.2d 316.

██ In our view, the allegations in the complainant's complaint do allege that defendants Oberholtzer and McComas did negligently fail to perform their duty and responsibility of care and supervision to provide a reasonably safe passage across Colorado Boulevard for David Flournoy as a member of Gove Junior High School Physical Education class. Therefore, under the allegations of the complaint, we hold that as public officials, the defendants are not thereby eliminated, as a matter of law, from possible liability.

The rationale behind the non-applicability of respondeat superior to public officers in general is that no master-servant relationship exists between the public officer and his subordinates. The relationship of master and servant is contractual in nature, *see W. Prosser, Law of Torts* § 80 at 545 (3d ed. 1964), and the contract is not between the public officer and the subordinate; rather, it is between the governmental unit and the subordinate. The subordinate's employment is for the benefit of the governmental unit and not for the personal benefit of the public officer.

### III.

We now discuss the subject of causation raised in the briefs of both parties because it is germane to the instant case and also because this issue may be raised

again with regard to the liability of the School District on the basis of respondeat superior.

Defendants in error McComas and Oberholtzer have argued that the trial court properly dismissed the complaint because the plaintiffs' multiple pleadings state facts, which, as a matter of law, exclude any conduct on the part of defendants Oberholtzer and McComas as being the proximate cause of David Flournoy's death. Essentially, their argument is that since plaintiffs allege the negligence of defendant Sayles in causing the death of plaintiffs' son, then nothing that defendants Oberholtzer or McComas could have done would have prevented the tragedy. Therefore, as a matter of law, they argue that they cannot be held liable for the death of plaintiffs' son.

Discussion of this argument must relate back to the basis of many actions for negligence, *viz.*, were the defendants under a duty to protect the plaintiffs against the event which did in fact occur? *W. Prosser, supra,* § 49 at 282.

If indeed either McComas or Oberholtzer had such a duty, and if they breached this duty of care and supervision, questions which we do not, and can not decide in this opinion, then the issue of causation still remains as to whether liability shall attach to the school district and to these defendants because of their negligent breach of duty. Possibly resolution of this case might be made in favor of the defendants on motion for summary judgment. Any such determination will of necessity have to be predicated on a further showing of facts with no material issues of fact remaining.

■■ Liability for the alleged negligence of McComas and Oberholtzer must rest upon a factual determination of whether the negligence of Sayles was reasonably foreseeable and within the risks created by their alleged negligent failure to provide adequate supervision and care. As concisely stated by Dean Prosser:

"[I]f the intervening cause is one which in ordinary

human experience is reasonably to be anticipated, or one which the defendant has reason to anticipate under the particular circumstances, he may be negligent, among other reasons, because he has failed to guard against it. . . ."

. . . .

"[O]bviously the defendant cannot be relieved from liability by the fact that the risk, or a substantial and important part of the risk, to which he has subjected the plaintiff has indeed come to pass. Foreseeable intervening forces are within the scope of the original risk, and hence of the defendant's negligence. The courts are quite generally agreed that intervening causes which fall fairly in this category will not supersede the defendant's responsibility." (citations omitted). *W. Prosser, supra*, § 51 at 311, 312.

*See Schmidt v. United States*, 179 F.2d 724; *Albo v. Shamrock Oil and Gas Corporation*, 160 Colo. 144, 415 P.2d 536; *Chartier v. Winslow Crane Service Co.*, 142 Colo. 294, 350 P.2d 1044; *Tucker v. Dixon*, 144 Colo. 79, 355 P.2d 79.

▮ We hold, under the circumstances of this case, that it cannot be said, as a matter of law, from the language of the complaint that defendants McComas or Oberholtzer, by reason of their alleged negligence, respectively, did not proximately cause the death of plaintiffs' decedent. *See Prosser, supra*, § 52 and *Calkins v. Albi*, 163 Colo. 370, 431 P.2d 17, wherein this court discusses at length the subject of intervening cause and held that a directed verdict was properly denied because the issues of proximate cause and intervening cause were properly submitted to the jury.

It is to be noted that this holding in no way imputes any validity or lack of validity to the merits of plaintiffs' claim against the School District or against defendants McComas and Oberholtzer.

IV.

▮ Because the record on error does not contain the

court clerk's entry of the judgment, the defendants in error argue that the record does not therefore reflect a final judgment which is required for review by this court under R.C.P. Colo. 112 (now C.A.R. 10). We note that the designation of record on error requests that the record include the judgment entered in favor of defendants McComas and Oberholtzer and the direction for entry of the same judgment. The record contains the "order and judgment" and the order to the clerk of the court for entry of judgment. Rule 112 requires no more.

In *French v. Haarhues*, 132 Colo. 261, 287 P.2d 278, cited by defendants in error, no judgment appeared in the record and the judgment was not designated as a part of the record. This court held that it could not review that which was not a part of the record before it. The instant case is clearly distinguishable from *French*, since the judgment to be reviewed is a part of the record before the court.

Judgment reversed and cause remanded to permit the defendants to file an answer and for the trial court to proceed in resolving the issues of this cause.

MR. JUSTICE DAY dissenting.

MR. JUSTICE DAY, dissenting:

I dissent. I would affirm the trial court on the ground that the complaint fails to state a cause of action against the individual defendants in their capacities as superintendent of the Denver school system and as the principal of Gove Junior High School.

The majority would allow this action to proceed against them apparently on the theory that they are to be held accountable for alleged negligence in performing or not performing certain functions within the purview of their offices. It is my contention that the trial court could and this court can and should take judicial notice of the statutes of this state vesting the powers and duties alleged to have been breached here in the Board of Edu-

cation of each school district. 1965 Perm. Supp. 123-30-9 and 10 *et seq.*

The opinion quotes language from *Liber v. Flor, supra,* which in turn cites *Schwalb v. Connely.* I think that the precise language from the *Schwalb* case is interesting: "The doctrine of respondeat superior applicable to the relation of master and servant does not apply to a public officer so as to render him responsible for the acts or omissions of subordinates whether appointed by him or not, unless he, *having the power of selection,* has failed to use ordinary care therein, or unless he has been *negligent in supervising the acts of such subordinates, or has* directed or authorized the wrong." (Emphasis added.)

*Schwalb* then goes further:

"In order that the stated exceptions to the rule may have consideration, it is pertinent to observe, *they must be alleged in the complaint, not done here.*" Citing *Baisley v. Henry,* 55 Cal. App. 760, 204 P. 399. (Emphasis added.)

A good statement of the general rule is found in a 1942 California case:

"A public officer is not responsible for the tortious acts of a subordinate who is not in his private service but is himself a servant of the same governmental agency unless such officer has directed or cooperated in the acts done or unless, having unlimited power of appointment and removal, the officer has failed to use ordinary care in the selection or retention of the subordinate. The reason for these limitations upon the liability of a public officer is that, since the liability must be founded upon his negligence, it is unfair and unjust to hold one responsible for the negligence of another which he had no power, in the exercise of ordinary care, to control." *Fernelius v. Pierce,* 123 P.2d 910 (1942). *See also Stiebitz v. Mahoney,* 20 Conn. Sup. 129, 126 A.2d 148 (1956); *Klikowski v. Ziegler,* 149 N.E.2d 773 (Ill. 1958); *Hirych v. State,* 136 N.W.2d 910 (Mich. 1965); *Ogle v. Billick,*

453 P.2d 677 (Ore. 1969); See also the cases cited at 102 A.L.R. 174, § I.

As appears from the allegations in the complaint, defendants are charged in their personal capacity for failing to provide care and supervision of the students, for failure to assign sufficient teachers to supervise them, for failure to provide a safe way to cross the street, and for failure to provide a safe place to study and play. Neither the superintendent of the Denver school system nor the principal of any Denver public school has any personal responsibility for the hiring or firing of teachers; cannot determine the number of teachers to be hired in each school; cannot select the school site — be it on a busy thoroughfare or elsewhere; cannot determine the location or the size of the playground space or whether it should be adjacent to, across the street from or several blocks away from a school building. Control of the streets and highways, we take judicial notice, is vested in either city or the state or by joint action of both. Where mechanical signals are provided, they control the intersection and no teacher or school official either has the duty or is empowered to take personal control of the flow of traffic.

It is obvious to me that any allegation that these individual school officials have breached duties or omitted to perform duties which by law are plainly imposed on the school district board of education, does not state a cause of action.