Lee White Executive Director Department of Administration State Services Building 1525 Sherman Street, 7th Floor Denver, Colorado 80203
Alan Charnes Executive Director Department of Revenue State Capitol Annex 1375 Sherman, 4th Floor Denver, Colorado 80203
Dear Messrs. White and Charnes:
QUESTION PRESENTED AND CONCLUSION
This is in response to your request for an attorney general's opinion concerning whether the Division of Correctional Industries may provide microfilm services to the Department of Revenue.
 It is my opinion that the Division of Correctional Industries may not provide microfilm services to the Department of Revenue when the microfilming would involve confidential tax records and would be performed by inmates serving prison sentences for felony convictions.
ANALYSIS
In considering this request I have had discussions with Robert M. Roberts, management consultant, Division of Management Services of the Department of Administration. The facts on which this opinion is based were provided by Mr. Roberts.
It is my understanding that a study is presently underway to determine whether it is feasible for the Division of Correctional Industries to microfilm records of the Department of Revenue, most of which would be records relating to tax collection. Mr. Roberts has advised me that the actual microfilming of records would be done by inmates serving prison sentences for felony convictions.
It is my opinion that the Department of Revenue may not enter into an agreement to permit convicted felons currently serving prison sentences to microfilm tax records.
The general assembly has provided in C.R.S. 1973, 39-21-113(4)(a), as amended, a broad blanket of confidentiality for tax records filed with the Department of Revenue. That subsection provides:
 (4)(a) Except in accordance with judicial order or as otherwise provided by law, the executive director of the department of revenue and his agents, clerks, and employees shall not divulge or make known in any way any information obtained from any investigation conducted by the department or its agents or disclosed in any document, report, or return filed in connection with any of the taxes covered by this article. The officials charged with the custody of such documents, reports, investigations, and returns shall not be required to produce any of them or evidence of anything contained in them in any action or proceeding in any court, except on behalf of the executive director in an action or proceeding under the provisions of any such taxing statutes to which the department is a party or on behalf of any party to any action or proceeding under the provisions of such taxing statutes when the report of facts shown thereby is directly involved in such action or proceeding, in either of which events the court may require the production of, and may admit in evidence, so much of said reports or of the facts shown thereby as are pertinent to the action or proceeding and no more.
(emphasis added).
Any person who violates the above provision is guilty of a misdemeanor and upon conviction may be punished by a fine of up to one thousand dollars and if a state officer or employee, shall be dismissed from office. C.R.S. 1973, 39-21-113(6). A provision of federal law makes it a felony for state officers, employees and agents to disclose information obtained from federal tax records, under certain circumstances. See26 U.S.C. § 7213(a)(2).
The confidentiality requirements of C.R.S. 1973, 39-21-113(4)(a) specifically apply to the tax records proposed to be microfilmed by inmates serving prison sentences. It is my opinion that to allow these inmates to handle these records would violate the confidentiality requirements of C.R.S. 1973, 39-21-113(4)(a) and would negate the clear intent of the legislature in enacting the statute. As the Colorado Supreme Court has stated, the general assembly has in that statute "expressed a strong public policy of protecting the confidentiality of taxpayer's state income tax returns." Losavio v. Robb, 195 Colo. 533, 579 P.2d 1152,1156 (1978). In construing a statute, the public interest should be preferred over private interests. C.R.S. 1973,2-4-201(e). The public interest is clearly better served by the interpretation of this statute which denies access to tax records to convicted felons.
Further, it is my opinion that any agreement entered into by the Department of Revenue with the Division of Correctional Industries to utilize inmates to microfilm tax records could be declared void as against public policy. Information that can be found on tax returns includes not only financial information, but addresses and names of family members. Inmates would become privy to an enormous amount of information about judges, police officers and prosecutors, among others. The legislature did not intend, in creating strict rules of confidentiality for tax records, to allow convicted felons to peruse these records under any circumstances.
You should also be advised that the executive director, and those involved in selecting and in supervising the inmates performing the microfilming, would be potentially liable in a tort action under the doctrine of respondeat superior. Although that doctrine usually does not apply to state officials, it is applicable to the circumstances which you have described in your request:
 The doctrine of respondeat superior applicable to the relation of master and servant does not apply to a public officer so as to render him responsible for the acts or omissions of subordinates whether appointed by him or not, unless he, having the power of selection, has failed to use ordinary care therein, or unless he has been negligent in supervising the acts of such subordinates . . .
Liber v. Flor, 143 Colo. 205, 209, 353 P.2d 590 (1960); also see Schwalb v. Connely, 116 Colo. 195,179 P.2d 667 (1947), Flournoy v. McComas, 175 Colo. 526,448 P.2d 1104 (1971).
Inherent in having inmates convicted of felony charges microfilm confidential documents is a foreseeable risk that the confidentiality will be eventually breached. It is inconceivable that the executive director could exercise nonnegligent "ordinary" care in the selection of these inmates or in supervising their conduct.
In my conversations with Mr. Roberts he inquired whether C.R.S. 1973, 18-1-105(3), as amended, prohibits an inmate employed by the Division of Correctional Industries from acting as an employee or agent of the Department of Revenue in order to microfilm tax records. Subsection (3) of that statute, as amended, provides as follows:
 Every person convicted of a felony, whether defined as such within or outside this code, shall be disqualified from holding an office of honor, trust, or profit under the laws of this state or from practicing as an attorney in any of the courts of this state during the actual time of confinement or commitment to imprisonment or release from actual confinement on conditions of probation. Upon his discharge after completion of service of his sentence or after sentence under probation, the right to hold any office of honor, trust, or profit shall be restored, except as provided in section 4 of article XII of the state constitution.
(Emphasis added.)
The phrase "office of honor, trust or profit" as used above has no statutory definition. However, Colorado law clearly distinguishes between "officers" and "employees" of the state. In Campbell v. Colorado, 176 Colo. 202, 491 P.2d 1385
(1971), the supreme court in considering whether Gee, a hearing officer for the Department of Revenue, was a "civil officer" required to take an oath prior to assuming his position stated:
 The power was in the Director of Revenue and Gee's duty was the routine application of a mandatory statute . . . and he was at all times subject to the supervision and control of the Director of Revenue. Gee possessed no independent power of his own, and therefore, his position was that of an employee and not that of a civil officer.
Supra, 176 Colo. at 208. See also Hudson v.Annear, 101 Colo. 551, 75 P.2d 587 (1938).
Since the microfilming of tax records does not involve the exercise of a portion of the sovereign power which is inherent in an "officer," the restrictions of C.R.S. 1973, 18-1-105(3) are inapplicable to the situation herein.
SUMMARY
It is my opinion that the Division of Correctional Industries may not provide microfilm services to the Department of Revenue when the microfilming would involve confidential tax records and would be performed by inmates serving prison sentences for felony convictions.
Very truly yours,
 J.D. MacFARLANE Attorney General
OPEN RECORDS PRIVILEGED INFORMATION CORRECTIONAL FACILITIES FELONS PRISONERS TAXATION AND REVENUE
C.R.S. 1973, 39-21-113(4)(a) C.R.S. 1973, 2-4-201(e) C.R.S. 1973, 18-1-105(3)
ADMINISTRATION, DEPT. OF Mgt. Svcs, Office of REVENUE, DEPT. OF CORRECTIONS, DEPT. OF Corr. Industries, Div. of
The statutory confidentiality accorded state tax records precludes the department of revenue from entering into an agreement to permit convicted felons currently serving prison sentences to microfilm tax records.