**H. Marie CAIN, nka H. Marie Burrows, individually and as natural mother and next friend of the deceased, Jeffrey Mark Cain, and Delores Chase and Jack Chase, individually and as natural parents and next friends of the deceased, Jay Chase, Plaintiffs-Appellants,**

v.

**James LEAKE, Jerry Couch, John Volpi, Daniel Garcia, James Green and Commerce City, Colorado, Defendants-Appellees,**

and

**Ralph Anthony Crowe and James Crowe, Defendants.**

No. 83CA0583.

Colorado Court of Appeals, Div. III.

Dec. 20, 1984.

Rehearing Denied Jan. 17, 1985.

Certiorari Granted April 1, 1985.

Leland S. Huttner, P.C., Leland S. Huttner, Anne M. Vitek, Denver, for plaintiffs-appellants.

Hall & Evans, Alan Epstein, Arthur R. Karstaedt, III, Denver, for defendants-appellees.

KELLY, Judge.

In this wrongful death action, plaintiffs appeal the summary judgment in favor of Commerce City and certain of its police officers. The trial court held that the police officers owed no duty to plaintiffs, that the police officers' actions were discretionary, and that the plaintiffs could not maintain an action for negligence. We reverse.

This action arose as the result of an automobile accident in September 1978, in which the minor defendant, Ralph Crowe, struck several pedestrians while driving home from a party. Jeffrey Mark Cain and Jay Chase, who were among the group of pedestrians, were both killed.

Prior to the accident, Ralph Crowe had been at a large outdoor party of teenagers in Commerce City to which the defendant police officers were summoned by a neighbor's complaint. Upon their arrival, the officers instructed the young people to leave the location. While the officers were attempting to disperse the crowd, Ralph Crowe made a move to strike one of the officers, and accordingly, he was handcuffed and detained. Although Ralph Crowe appeared to be intoxicated, he was

released to his younger brother, Eddie, who agreed to drive him home. Ralph Crowe and another party-goer left the scene as passengers in a vehicle driven by Eddie.

The Crowe brothers and their passenger made two stops: They dropped off the passenger who was riding with them, and stopped at a convenience store. After leaving the store, Ralph Crowe took over the driving and the accident occurred soon thereafter.

■ Plaintiffs correctly argue that the doctrine of sovereign immunity is inapplicable here. After the judicial abolition of the doctrine in *Evans v. Board of County Commissioners*, 174 Colo. 97, 482 P.2d 968 (1971), the General Assembly restored the doctrine by statute in limited areas. Section 24–10–102, et seq., C.R.S. One aspect of the doctrine left unaddressed by the statute was the immunity of public employees. Accordingly, issues of immunity of police officers continue to be based on common law concepts and are so resolved by the courts. *See Antonopoulos v. Telluride*, 187 Colo. 392, 532 P.2d 346 (1975); *Cooper v. Hollis*, 42 Colo.App. 505, 600 P.2d 109 (1979). This statutory void was filled by subsequent legislation which includes the immunity of public employees within its confines, § 24–10–102, C.R.S. (1982 Repl.Vol. 10); however, these provisions postdate the occurrences giving rise to this lawsuit, and we do not here address the effect, if any, of this statutory amendment. *Compare* § 24–10–102 with § 29–5–111, C.R.S. (1977 Repl.Vol. 12).

■ Under the common law, police officers have enjoyed varying degrees of immunity from lawsuits in order to encourage them in the administration of their duties. *Flournoy v. McComas*, 175 Colo. 526, 488 P.2d 1104 (1971). To determine the availability of an immunity defense, the court must first determine, as a matter of law, whether the police officer's acts are discretionary. *Cooper v. Hollis, supra.* If the acts are discretionary, the police officer has an immunity defense. If the acts are not discretionary, then the court must apply a second test balancing the harm to the individual citizen against the policy of promoting effective government. *Cooper v. Hollis, supra.*

■ In the context of police immunity, discretionary acts are those acts which are of a judgmental, planning, or policy nature. Nondiscretionary acts, on the other hand, are those which involve performance of a duty at the operational level. *Winters v. City of Commerce City*, 648 P.2d 175 (Colo.App.1982).

■ Immunity for discretionary functions cannot extend to all acts requiring judgment since the performance of all functions involves the exercise of some degree of discretion and judgment. In *Cooper, supra,* the court stated:

"[A]lthough it is frequently said that a police officer exercises discretion when making decisions in the performance of his duties, this type of decision-making does not give rise to immunity because it does not involve the type of judgmental, planning, or policy-making decisions which traditionally have invoked this doctrine."

■ The decision of a police officer to remove a driver from the roadway who he knows or has reason to know is intoxicated is not a discretionary act. *Irwin v. Ware*, 392 Mass. 745, 467 N.E.2d 1292 (1984). As the court in *Ware* stated:

"No reasonable basis exists for arguing that a police officer is making a policy or planning judgment in deciding whether to remove from the roadways a driver who he knows is intoxicated. Rather, the policy and planning decision to remove such drivers has already been made by the Legislature."

The same reasoning applies to a decision by a police officer to release a disputatious, intoxicated person from custody, and to send that person onto the roadway under

the ostensible supervision of a younger brother as caretaker. *See* § 25–1–310(1), C.R.S. (1982 Repl.Vol. 11). Whether it was foreseeable that Ralph Crowe would become the driver of the vehicle is a question for the factfinder. *See Bartley v. Floyd,* 695 P.2d 781 (Colo.App.1984).

 Since the blanket immunity afforded officials for their discretionary acts does not protect the defendants here, the balancing test set out in *Cooper, supra,* is applicable. Balancing the harm to the individual citizen against the policy of promoting efficient government, we do not believe that denying immunity in this case will unduly hamper the governmental function.

 Plaintiffs may be compensated for their injuries if they can prove their case against the defendants. In addition to any other defenses available to them, the police officers may, at trial, assert the defense of good faith and reasonableness. *Cooper v. Hollis, supra.* But, each of these defenses concerns matters of material fact and in this case, should not be determined on summary judgment. *Winters v. City of Commerce City, supra.*

The summary judgment in favor of Commerce City and the defendant police officers is reversed and the cause is remanded for trial.

TURSI and METZGER, JJ., concur.