Ralph J. MONTES, Plaintiff–Appellee,

v.

HYLAND HILLS PARK AND RECREATION DISTRICT, Defendant–Appellant.

No. 91CA1292.

Colorado Court of Appeals, Div. I.

Sept. 10, 1992.

Rehearing Denied Oct. 15, 1992.

Certiorari Denied March 22, 1993.

Morrisard & Rossi, P.C., John J. Rossi and Irvin M. Kent, Aurora, for plaintiff-appellee.

Zak, Fox, Pehr and Fuller, P.C., Richard L. Fuller, Westminster, for defendant-appellant.

Opinion by Judge NEY.

In this negligence action seeking damages for personal injuries, defendant, Hyland Hills Park and Recreational District, appeals from the judgment entered upon a jury verdict awarding $20,000 to plaintiff, Ralph Montes. We reverse.

Plaintiff alleged that he was injured on August 19, 1989, at a public golf course owned and operated by the District when the steering mechanism of a rented golf cart he was driving malfunctioned, causing the cart to veer into a ditch. Plaintiff further alleged that the malfunction resulted from the District's negligent failure to inspect, maintain, and repair the cart.

It is undisputed that the District is a special district created by statute and is a public entity as that term is used in the Colorado Governmental Immunity Act. *See* § 24-10-103(5), C.R.S. (1992 Cum. Supp.); § 32-1-103(14), C.R.S. (1992 Cum. Supp.).

In its answer, the District asserted that plaintiff's claims were barred by sovereign immunity. Also, it filed a motion for summary judgment on the basis that injuries from a defective golf cart are not among those for which governmental immunity has been waived pursuant to § 24-10-106(1), C.R.S. (1988 Repl.Vol. 10A). The motion was denied.

At the conclusion of plaintiff's evidence, the District moved for a directed verdict on the grounds that injuries from a defective golf cart were not included among the statutory exceptions to sovereign immunity contained in § 24-10-106(1), C.R.S. (1988 Repl.Vol. 10A). The motion was denied.

The District contends that the court erred in these rulings. We agree.

When a review of all the evidence establishes that there is no basis upon which a verdict in favor of the plaintiff may be supported as a matter of law, it becomes the duty of the trial court to direct a verdict in favor of defendant and grant a dismissal of the action. *See French v. Haarhues*, 132 Colo. 261, 287 P.2d 278 (1955).

The Colorado Governmental Immunity Act provides that all public entities are immune from tort liability unless the circumstances of the asserted claim brings it within one of the specified exceptions. Section 24-10-106(1), C.R.S. (1988 Repl.Vol.

10A); *Jenks v. Sullivan,* 826 P.2d 825 (Colo.1992).

■ One exception to sovereign immunity exists for injuries resulting from the use of motor vehicles. However, that exception is limited to injuries from motor vehicles operated by a public employee in the course and scope of his or her employment. *See* § 24–10–106(1)(a), C.R.S. (1988 Repl. Vol. 10A). Therefore, the waiver of immunity in § 24–10–106(1)(a) does not apply to a negligently maintained golf cart operated by a private citizen.

■ Another statutory exception, set out in § 24–10–106(1)(e), C.R.S. (1988 Repl.Vol. 10A) provides that immunity is waived in an action for injuries resulting from "a dangerous condition of any public hospital, jail, public facility located in any park or recreation area maintained by a public entity...."

The Act defines a "dangerous condition," in relevant part, as "a physical condition of a *facility* or the use thereof which constitutes an unreasonable risk to the health or safety of the public." Section 24–10–103(1), C.R.S. (1988 Repl.Vol. 10A). (emphasis supplied).

Cases which have construed the "dangerous condition" exception have held that the condition must relate directly to the physical condition of the *facility itself* and that no waiver of immunity was intended for injuries caused by the "use" of facilities unless such use renders the *facility itself* an unreasonable risk to public safety or health. *Jenks v. Sullivan, supra; Mentzel v. Judicial Department,* 778 P.2d 323 (Colo.App.1989).

Here and in the trial court, plaintiff has argued that the plain meaning of the word "facility" as used in the Act includes a golf cart rented to patrons of a public golf course. Thus, the resolution of the issue before us depends upon whether the golf cart in question was a "public facility located in any park or recreation area maintained by a public entity." In light of the case law construing the "dangerous condition" exception and the legislation governing park and recreation districts, we are not persuaded that the General Assembly intended such an expansive reading of this exception.

■ Our primary task in construing a statute is to determine and give effect to the intent of the General Assembly. *Jones v. Cox,* 828 P.2d 218 (Colo.1992).

■ To discern that intent, a court should look first to the language of the statute. *People v. District Court,* 713 P.2d 918 (Colo.1986). If the language of a statute is clear and the intent of the General Assembly may be discerned with reasonable certainty, the statute must be applied as written. *Wills v. State of Colorado,* 821 P.2d 866 (Colo.App.1991).

■ Further, if a plain reading of a statute does not reveal the legislative intent, we may interpret the statute by considering laws upon the same or similar subjects. *Colorado Civil Rights Commission v. North Washington Fire Protection District,* 772 P.2d 70 (Colo.1989); *Burnworth v. Adams County,* 826 P.2d 368 (Colo.App. 1991).

The term "facility," as used here, is not defined in the Governmental Immunity Act. However, the term "recreational facility" is defined elsewhere in the statutes which govern park and recreation districts such as Hyland Hills. We find this definition to be controlling.

The Special District Act defines a "park and recreation district" as "a special district which provides parks or *recreational facilities* or programs within said district." Section 32–1–103(14), C.R.S. (1991 Cum. Supp.). (emphasis supplied). Further, § 29–7–101(1), C.R.S. (1986 Repl.Vol. 12A) provides that any park and recreation district organized under article 1 of title 32, C.R.S., may "acquire, sell, own, exchange, and operate public *recreation facilities* ...; acquire, equip, and maintain land, buildings, or other *recreational facilities* ...; and expend funds therefor and for all purposes connected therewith." (emphasis supplied). Finally, a "recreational facility" is defined as *"such land or interest in land as may be necessary, suitable, or proper for park . or recreational pur-*

poses...." Section 29–7–107, C.R.S. (1986 Repl.Vol. 12A). (emphasis supplied).

Here, the alleged injury arose not from a dangerous condition of the surface of the golf course itself but from the alleged negligent maintenance of a golf cart. Thus, we conclude that the cart was not a "facility" within the meaning of § 24–10–106(1)(e) and that sovereign immunity was not waived for an injury caused by the negligent maintenance of a golf cart at a public golf course. Accordingly, the District was immune from liability, and the judgment entered upon the jury verdict cannot stand. *See Jenks v. Sullivan, supra; French v. Haarhues, supra.*

In view of our resolution of this issue, it is unnecessary to address the District's other contentions.

The judgment is reversed, and the cause is remanded to the trial court with directions to enter judgment in favor of the District in accordance with the views expressed in this opinion.

STERNBERG, C.J., and DAVIDSON, J., concur.